597 So.2d 101 (1992)
STATE of Louisiana in the Interest of Tierre R. SMITH.
No. 91-CA-2170.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1992.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Tierre R. Smith/appellant.
Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Tierre Smith, whose date of birth is January 12, 1976, was charged by petition filed in juvenile court on December 18, 1990, with delinquency for violating LSA-R.S. 14:27 and 14:30, attempted first degree murder. At the detention hearing that same day Smith denied the charge, but the trial court found probable cause for his arrest. After being continued four times, the adjudication hearing was held on July *102 23, 1991, and the juvenile was found to be guilty as charged. He was committed to remain at the Louisiana Training Institute until his twenty-first birthday. However, the trial court offered to review his record after two years provided he attends school and does not pose a problem for the institutional authorities. He now appeals, asking this court to review his record for errors patent.
Curtis Matthews, who works in his father's tire shop at Felicity and Willow Streets, was walking on Willow Street at 3:30 A.M. on May 10, 1990, when he saw four people sitting together on a door step. According to Matthews, Tierre Smith asked, "Are you looking?" as he passed. As Matthews turned towards him, Smith jumped up, took out a pistol and said "Give it up." Smith then shot Matthews twice. Matthews heard a woman who had been sitting on the steps say, "Tierre you shot him." With that an adult male from the steps approached with a gun and held it in Matthews face while he searched the wounded man. The second man, identified as Mark Kelly, took money from Matthews and shot him three times. The woman called the police and an ambulance and stayed with Matthews who survived five gunshots wounds in his abdomen. Matthews identified both of his assailants from photo line-ups some weeks after the incident.
Tierre Smith gave a different version of the events of May 10, 1990. He, Mark Kelly, a woman known as Shorty and her husband were sitting on Shorty's front door steps when Matthews walked up to ask Kelly if he had cocaine. Kelly said he did not have any. Smith got up then to leave and as he approached the corner, he heard gun shots. Turning back, he saw Kelly standing over Matthews with the gun pointed at Matthews' head. Smith ran home. He denied speaking to Matthews that night, possessing a gun, and shooting Matthews. Smith admitted having a conviction for possession of marijuana.
Adeline Smith, who is not a relative of the juvenile, testified for the defense that one day when she was in court with Tierre Smith's mother she overheard Curtis Matthews say that Mark Kelly's family had offered him money to drop the case against Kelly. When Matthews was recalled to testify, he concurred that he had been approached by Kelly's family but stated that he had not accepted the offer.[1]
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and to his mother, and this Court informed the defendant and his mother that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 14:27 and 14:30, and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at the delinquency hearing, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of attempted first degree murder beyond a reasonable doubt. The commitment to the Louisiana Training Institute until his twenty-first birthday is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial *103 court ruling which arguably supports the appeal. Accordingly, the defendant's conviction and sentence are affirmed. Appellant counsel's motion to withdraw is granted.
AFFIRMED.
NOTES
[1] He also stated that Mark Kelly was "doing twenty-five years now."