In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-178 CV


____________________



IN THE MATTER OF R.D.B., A JUVENILE






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 5767-JV






OPINION


 This is the second appeal in this case. Previously, the Texarkana Court of Appeals
reversed the trial court's judgment and remanded the cause for a new hearing after
determining that appellant, R.D.B., had received ineffective assistance of counsel in his
transfer hearing under Section 54.11 of the Family Code. In re R.D.B., 20 S.W.3d
255,258,261(Tex. App.- Texarkana 2000, no pet.). (1) The Texarkana court concluded that
trial counsel's failure to seek court-appointed assistance of a mental health professional in
light of R.D.B.'s "plainly evident background of mental health problems" prejudiced
R.D.B. and undermined the court's confidence in the outcome of the proceedings. Id. at
261.

 On remand, a court appointed psychologist testified on appellant's behalf. The trial
court, however, ordered appellant to be transferred to the custody of the Texas Department
of Criminal Justice, Institutional Division, for the completion of his fifteen year sentence. 
 After perfecting appeal, appointed counsel filed a brief asserting that the appeal is
frivolous. The brief complies with the requirements of Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex. Crim.
App.1978). The brief concludes that no error that would arguably support an appeal is
presented, a conclusion with which we concur.

 The procedures set out in Anders and its Texas progeny apply to juvenile appeals.
In re D.A.S., 973 S.W.2d 296, 299 (Tex.1998). Further, in the instant case, R.D.B., 
who is no longer a juvenile, was given the opportunity to file a pro se brief. As of this
date, no pro se brief has been filed.

 We have carefully reviewed the record and counsel's brief, and find no error
requiring us to order appointment of new counsel. Accordingly, we affirm the trial court's
judgment.

 AFFIRMED.

 PER CURIAM



Submitted on November 20, 2002

Opinion Delivered December 5, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The juvenile court found R.D.B. engaged in delinquent conduct by committing the
felony offenses of aggravated assault, aggravated robbery, burglary of a habitation, and
theft. The court then rendered a fifteen-year determinate sentence and ordered R.D.B.
committed to the Texas Youth Commission, with possible transfer at age eighteen to the
Institutional Division of the Texas Department of Criminal Justice. After R.D.B. attained
the age of eighteen, he was returned to juvenile court for a release or transfer hearing
pursuant to Tex. Fam. Code Ann. § 54.11 (Vernon 2002). At this hearing, the court
ordered R.D.B. transferred from the Texas Youth Commission to the Institutional Division
of the TDCJ to serve the completion of his fifteen-year determinate sentence. 


In re R.D.B., 20 S.W.3d at 256.