THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* HOWARD MOORE, Respondent-Appellant.

(No. 61740;

First District (3rd Division)—September 18, 1975.

James J. Doherty, Public Defender, of Chicago (Harold Cowen and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM (Before McGloon, P. J., Dempsey and Mejda, JJ.):

Howard Moore, respondent, appeals from an order of the Circuit Court of Cook County, Juvenile Division, adjudicating him to be a delinquent minor for committing the offense of criminal trespass to a vehicle in violation of section 21—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 21—2), and ordering him committed to the Juvenile Division of the Illinois Department of Corrections.

Respondent wished to appeal, and the Public Defender of Cook County was appointed to represent him. After examining the record the Public Defender filed a motion in this court for leave to withdraw as appellate counsel. Pursuant to the requirements set out in *Anders v. California* (1967), 386 U.S. 738, a brief in support of the motion has also been filed. The brief states that the only possible argument which could be raised on appeal is that respondent was denied due process of law at the adjudicatory hearing and at the dispositional hearing. The brief concludes that an appeal on those issues would be wholly frivolous and without merit. Copies of the motion and brief were mailed to the respondent on June 26, 1975, and he was informed that he had until September 1, 1975, to file any additional points in support of his appeal. He has not responded.

A petition for adjudication of wardship was filed on September 26, 1974, alleging that respondent was a delinquent. Count 1 of the petition alleged that on September 22, 1974, respondent had committed the offense of criminal trespass to a vehicle (Ill. Rev. Stat. 1973, ch. 38, par. 21—2), and Count 2 alleged that respondent, on the same date, committed the offense of unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4)). On October 10, 1974, respondent's case was called for adjudicatory hearing. At that time his mother was present in open court, and respondent was represented by previously appointed counsel. His counsel informed the trial judge that after a discussion with the Assistant State's Attorney respondent wished to enter an admission to Count 1 of the petition. The judge's questioning of the respondent revealed that he was 16 years of age and had gone through the 10th grade.

The trial judge read the petition and advised respondent as to the nature of the charge and respondent stated that he understood. He was admonished that he had a right to persist in his plea of not guilty and proceed to trial where the State would have the duty to establish his

guilt beyond a reasonable doubt. The trial judge also admonished respondent as to possible penalties which could be imposed upon a finding of delinquency; that if he admitted the charge there would not be a trial of any type and that respondent would waive his right to cross-examine the witnesses and his right to present evidence in his own behalf. Respondent, in answer to questions by the court, stated that he was entering the admission freely and voluntarily and that no one had threatened or forced him into it.

The trial judge ascertained, by questioning the respondent, that there had been a pretrial conference between respondent's attorney and the Assistant State's Attorney, who had reached some agreement. The judge informed the respondent that he was not a party to the pretrial conference and would not be bound by any recommendation made by the parties. After the facts which provided the basis for the charge were stipulated by the parties, respondent's admission was accepted by the court. A dispositional hearing was subsequently held after which respondent was committed to the Juvenile Division of the Department of Corrections.

The first possible argument which could be raised on appeal is that respondent was denied due process of law at the adjudicatory hearing. The record reflects that when his case was called, his attorney advised the trial judge that respondent wished to enter an admission to Count 1 of the petition. At that time, respondent was 16 years old and had attended school through the 10th grade. His mother was present in open court. During the acceptance of his admission respondent answered all questions put to him by the trial judge in an intelligent and comprehensive manner. The record demonstrates that at all times respondent was aware of what was occurring.

The trial judge carefully admonished respondent as to the nature of the charge, the possible penalties prescribed by law, the fact that he had a right to plead not guilty and persist in that plea, and that upon an admission there would not be a trial of any kind and respondent would waive his right to confront witnesses against him. Respondent stated he was entering the admission voluntarily and that no force, threats or coercion had been used to influence him. The factual basis for the charge was made of record and stipulated by the parties.

The trial judge ascertained that there had been a pretrial conference between respondent's counsel and the Assistant State's Attorney; he informed respondent that he was not a party to that conference and would not be bound by any recommendation made by the parties. Respondent persisted in his admission which was then accepted by the trial court. After a complete review of all the proceedings we find that the trial judge carefully and comprehensively protected each of the minor re-

spondent's rights and that respondent was not in any way denied due process of law at the adjudicatory hearing.

The second possible argument which could be raised is that respondent was denied due process of law at the dispositional hearing. Section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1) provides that after an adjudication of delinquency the trial judge shall hold a dispositional hearing. Here the record reflects that after the adjudication of delinquency the trial judge continued the matter for several weeks in order to get a written social investigation. When respondent's case was called on the continued date, respondent, his attorney and his mother were all present in open court, and were given an opportunity to present evidence and make any statement they wished during that hearing. After considering respondent's background and the facts of the case the trial judge concluded that respondent was beyond the control and discipline of his mother and that it was in his best interest and that of the community that he be committed to the Department of Corrections. Based upon all the facts adduced at the dispositional hearing, we do not believe the trial court's order was unreasonable. Respondent was in no way denied due process of law at the dispositional hearing.

We have examined the record and concur in the opinion of the Public Defender that the arguments raised are not arguable on their merits and are wholly frivolous. Our independent examination of the record does not disclose any additional possible grounds for an appeal which are also not frivolous. Accordingly, the motion of the Public Defender to withdraw as counsel on appeal is allowed, and the order of the Circuit Court of Cook County is affirmed.

Motion allowed; order affirmed.