**In re UNRUE, Alleged Delinquent Child.**

[Cite as *In re Unrue* (1996), 113 Ohio App.3d 844.]

Court of Appeals of Ohio,
Fourth District,
Lawrence County.

No. 95 CA 15.

Decided Aug. 23, 1996.

*Kevin Waldo*, Lawrence County Assistant Prosecuting Attorney, for appellee.

*David Reid Dillon*, for appellant.

PETER B. ABELE, Presiding Judge.

This is an appeal from a judgment entered by the Lawrence County Common Pleas Court, Juvenile Division, adjudicating Terry Unrue, appellant herein, to be a delinquent child.

On September 19, 1994, a complaint was filed asserting that appellant, a seventeen-year-old high school student, engaged in sexual conduct with a thirteen-year-old student and purposely compelled the student's submission by force or by threat of force in violation of R.C. 2151.02 and 2907.02. On February 14, 1995, appellant, with the benefit of trial counsel and while accompanied by his parents, admitted that he had committed the acts set forth in the complaint. The juvenile court found appellant to be a delinquent child and proceeded to disposition. After hearing the arguments of counsel, the court ordered that appellant be permanently committed to the Ohio Department of Youth Services ("DYS") for a one-year minimum period and a maximum period to run until appellant attains the age of twenty-one. The court suspended the commitment to DYS, however, and ordered, *inter alia*, that appellant serve six months in the Judge Dennis Boll Lawrence County Group and Shelter Home. The court gave appellant credit for one hundred ten days previously served in the detention facility.

We note that on March 14, 1995, the prosecution filed a motion to revoke appellant's probation because appellant had failed to abide by the terms of his probation and conditional suspended commitment. Appellant admitted the allegations contained in the motion. The court revoked appellant's probation and committed appellant to DYS. We note that the basis of the motion to revoke appellant's probation involved his improper contact with a thirteen-year-old child at the group home.

Counsel for appellant has filed a brief with the court pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, which indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated.[1] Counsel also requested permission to withdraw as counsel for appellant on the grounds that he was unable to locate any nonfrivolous appealable issues. We note that the United States Supreme Court held in *Anders* that an attorney must prosecute his client's appeal to the best of his ability and must provide the court with a brief outlining any arguable grounds for a meritorious appeal. Additionally, a defendant must be furnished with a copy of that brief and must be given the opportunity to raise any grounds which may exist in the appeal.

Having allowed appellant sufficient time to respond, and no response having been received, we have therefore independently examined the record and find no error in the trial court's proceedings prejudicial to appellant's rights.

Accordingly, we agree with appellate counsel's assessment that no meritorious issues exist in the instant case upon which to base an appeal. Therefore, based upon the foregoing reasons, we affirm the trial court's judgment.

*Judgment affirmed.*

KLINE, J., concurs.

STEPHENSON, J., concurs separately.

STEPHENSON, Judge, concurring.

I am concurring separately because I find that this court failed to follow the procedures set forth by the United States Supreme Court in *Anders, supra*, and *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. In *Penson*, the court held that an appellate court can allow an attorney to withdraw only

---

1. We note that this court *sua sponte* granted appellant leave to file a *pro se* supplemental appellate brief to set forth any potential assignments of error. Appellant did not file a *pro se* brief. We further note that appellant reached the age of majority prior to the issuance of our journal entry notifying appellant that he could file a *pro se* brief.

after it has conducted a separate inquiry as to whether there are any nonfrivolous issues to appeal. *Id.* at 80, 109 S.Ct. at 350, 102 L.Ed.2d at 309. In the case *sub judice,* we allow the appellant's attorney to withdraw from the case before we have conducted such an inquiry. Therefore, technically we have violated *Anders* and *Penson.* However, since we later independently examined the record and found no nonfrivolous appealable issues, I find this violation was not prejudicial. Accordingly, I concur in the court's judgment.