973 S.W.2d 296 (1998)
In re D.A.S., Relator.
In re R.A.H., Relator.
Nos. 97-1007, 97-1008.
Supreme Court of Texas.
July 3, 1998.
Maridell Templeton, Dallas, for relators.
April Elaine Smith, John Richard Rolater, Jr., Gina Savage, Dallas, Dan Morales, Austin, for respondent.
OWEN, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, SPECTOR and ABBOTT, Justices, join.
In these two related mandamus proceedings, we consider whether the procedure set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), applies to appeals from juvenile delinquency adjudications. We conclude that it does and conditionally grant mandamus relief in both cases.
The district court found D.A.S. to be a child engaged in delinquent conduct for committing the offense of aggravated assault. The court committed D.A.S. to the Texas Youth Commission for a period of twenty years, with a possible transfer at age eighteen to the Texas Department of Criminal Justice. D.A.S., an indigent, expressed a desire to appeal, and the trial court appointed counsel. D.A.S.'s counsel subsequently filed a motion to withdraw and a supporting brief pursuant to the procedure set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In the motion and accompanying brief, counsel stated that the appeal was without merit and wholly frivolous and requested that the court allow her to withdraw as appointed counsel. The State also submitted a letter to the court asserting that the appeal was frivolous and that Anders had been followed. The court of appeals held that Anders is inapplicable to juvenile delinquency proceedings and denied counsel's request to withdraw. 951 S.W.2d 528.
In an unrelated proceeding, R.A.H. was found to be a child engaged in delinquent conduct for committing the offense of evading arrest. The district court placed R.A.H. on probation for twelve months in the custody of the Dallas Youth Services Director. *297 The trial court appointed counsel to represent R.A.H. as an indigent on appeal. The attorney appointed to represent R.A.H. is the same attorney appointed to represent D.A.S. Counsel for R.A.H. filed a motion to withdraw and a brief pursuant to the Anders procedure. As in D.A.S., the State submitted a letter to the court stating that the appeal was frivolous and that Anders had been followed. In an unpublished opinion, the court of appeals, referring to its earlier decision in D.A.S., again held that Anders does not apply to juvenile proceedings, and denied counsel's motion.
Counsel for D.A.S. and R.A.H. seeks mandamus relief from this Court. Counsel requests that we require the court of appeals to implement the Anders procedure in juvenile cases and specifically in these cases. Because Anders protects juveniles' statutory right to counsel on appeal, we hold that the procedures enumerated in Anders apply to juvenile appeals and, therefore, conditionally grant writs of mandamus.
In Anders, 386 U.S. at 744-45, 87 S.Ct. 1396, the United States Supreme Court created a procedure that appointed counsel in criminal cases must follow when seeking to withdraw from an appeal that counsel believes is frivolous. Before requesting permission to withdraw, counsel must "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." McCoy v. Court of Appeals, 486 U.S. 429, 438, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); see also Anders, 386 U.S. at 744-45, 87 S.Ct. 1396. If, after a conscientious review of the record, counsel concludes that the case is wholly frivolous, he or she may so advise the court of appeals and request permission to withdraw. Anders, 386 U.S. at 744, 87 S.Ct. 1396. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. A copy of the Anders brief must also be furnished to the indigent client, and the court must allot the client time to raise any points that he or she chooses. Id.
After counsel files the Anders brief, the appellate court conducts a full examination of all proceedings to decide whether the case is wholly frivolous. Id. If the court concludes that the case is frivolous, it may grant counsel's motion to withdraw. However, if the court finds any of the legal issues arguable on their merits, and therefore not wholly frivolous, it must either deny counsel's request to withdraw or appoint substitute counsel. Id.
Prior to the Anders decision, if an attorney appointed to represent an indigent criminal defendant on appeal believed that the appeal was without merit, the attorney was merely required to file a "no-merit" letter with the court of appeals explaining that, in the attorney's opinion, the appeal was frivolous. See Anders, 386 U.S. at 743-44, 87 S.Ct. 1396. While counsel was supposed to review the record as an advocate for the client, there was no mechanism to ensure that counsel engaged in a thorough review of the case before seeking to withdraw. Moreover, there was concern that some counsel might seek to withdraw not because the appeal was frivolous but because the potential time burdens outweighed the probability of success on appeal. See McCoy, 486 U.S. at 443, 108 S.Ct. 1895. Perceiving these concerns as a possible encroachment upon a criminal defendant's constitutional right to counsel on appeal, the United States Supreme Court abolished the no-merit letter. See Anders, 386 U.S. at 743, 87 S.Ct. 1396. The Supreme Court reasoned that criminal defendants could not be denied the constitutional right to an attorney on appeal based on appointed counsel's conclusory assertion that the appeal was frivolous. See id.
The purpose of Anders is twofold. First, by requiring counsel to conduct a thorough review of the record and to identify any arguable issues, the procedure ensures that indigent criminal defendants receive substantially the same treatment as nonindigent defendants. Second, by providing the appellate court with a brief of any arguable issues, Anders assists the appellate court in determining whether the appeal is indeed wholly frivolous. Moreover, Anders strikes an important balance between the criminal defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals. See Anders, 386 U.S. at *298 742-44, 87 S.Ct. 1396; see also Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).
Anders is firmly embedded in Texas criminal jurisprudence. See, e.g., Stafford v. State, 813 S.W.2d 503, 509-11 (Tex.Crim.App. 1991); Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App.1969); Jeffery v. State, 903 S.W.2d 776, 778-80 (Tex.App.Dallas 1995, no pet.). However, the issue of whether the Anders procedure applies to juvenile proceedings is one of first impression in this Court. Of the thirteen states that have considered the issue, all currently apply Anders to juvenile appeals. See, e.g., M.E.C. v. State, 611 So.2d 1201, 1201 (Ala.Crim.App. 1992); In re Appeal in Maricopa County Juvenile Action JV-117258, 163 Ariz. 484, 788 P.2d 1235, 1237 (App.1989); Gilliam v. State, 305 Ark. 438, 808 S.W.2d 738, 740 (1991); D.L.G. v. State, 701 So.2d 379, 380 (Fla.Dist.Ct.App.1997); T.L. v. State, 169 Ga. App. 784, 315 S.E.2d 296, 296 (1984); People v. Moore, 32 Ill.App.3d 367, 336 N.E.2d 599, 599 (1975); In re Smith, 597 So.2d 101, 102 (La.Ct.App.1992); Hans v. State, 283 Mont. 379, 942 P.2d 674, 681 (1997); In re Jarvis P., 240 A.D.2d 750, 660 N.Y.S.2d 990, 991 (1997); In re Unrue, 113 Ohio App.3d 844, 682 N.E.2d 686, 687 (1996); Commonwealth v. Heron, 449 Pa.Super. 684, 674 A.2d 1138, 1139 (1996); In re Stacey R., 311 S.C. 312, 428 S.E.2d 869, 869 (1993); State v. Hairston, 133 Wash.2d 534, 946 P.2d 397, 400 (1997).
Although juvenile cases are classified as civil proceedings, they are quasi-criminal in nature. See In re Gault, 387 U.S. 1, 30, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In re M.A.F., 966 S.W.2d 448, 450 (Tex.1998). "A proceeding where the issue is whether the child will be found to be `delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." In re Gault, 387 U.S. at 36, 87 S.Ct. 1428. Like criminal defendants, juveniles have a constitutional right to counsel during the delinquency determination. Id. Even though the United States Supreme Court has not yet determined whether this constitutional right extends to a juvenile's first appeal, we need not decide that issue. The Legislature has mandated that juveniles receive the assistance of counsel on appeal. TEX. FAM.CODE §§ 51.10(a)(8), 56.01(d). By extending the Anders procedure to juvenile appeals, we effectuate this legislative mandate and protect juveniles' statutory right to counsel on appeal. We note, however, that our opinion is not intended to extend Anders to all cases in which the Legislature provides the right to counsel on appeal. That issue is not before the Court.
Rather than extend Anders to the cases below, the court of appeals provided three options for attorneys seeking to withdraw from juvenile cases. 951 S.W.2d at 530. While these options may help protect a juvenile's right to counsel on appeal, they do not balance this right against the prohibition against filing frivolous appeals. The first option was for counsel to file a brief on the merits of the appeal. This option, however, is untenable if the appeal indeed has no merit. An attorney should not be forced to file an appeal that is truly frivolous. See McCoy, 486 U.S. at 436, 108 S.Ct. 1895 ("An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal."). Moreover, filing a frivolous appeal could result in sanctions against the appointed attorney or a reprimand from the Disciplinary Board. See TEX.R.APP. P. 45; TEX. DISCIPLINARY R. PROF'L CONDUCT 3.01 (1990).
The second option suggested by the court of appeals was for the attorney to file a motion to substitute counsel. However, this could result in a pointless cycle of attorneys stepping in, determining that the appeal is frivolous, and seeking to withdraw. The final option is for counsel to convince his or her juvenile client that the appeal is frivolous and then request the juvenile's legal guardian to sign a motion to dismiss the appeal. This option is also unworkable. First, the juvenile's legal guardian may refuse to sign the dismissal, thereby leaving the attorney with the first two options. A more fundamental problem that results from this third option, however, is that the person principally responsible for the determination that the appeal is frivolous is the court-appointed attorney. Under the court of appeals' procedure, *299 the attorney could withdraw without any meaningful review by the appellate court, and the juvenile's parent or guardian may not have the knowledge or ability to conduct a meaningful review. Thus, the court-appointed attorney may be the sole judge of the merits of his or her indigent client's appeal, which is the problem the Supreme Court sought to eliminate in Anders.
The court of appeals was disinclined to apply Anders in juvenile appeals because minors are under a legal disability and cannot represent themselves in court unless the disability has been removed. See Sax v. Votteler, 648 S.W.2d 661, 666-67 (Tex.1983). The court of appeals correctly reasoned that if counsel were allowed to withdraw under Anders, the juvenileunlike the criminal defendantcould not thereafter proceed pro se.
But this limitation should not be an impediment to extending Anders to juvenile cases. Under the Anders procedure, both the juvenile's attorney and the court of appeals would conduct an independent review of the record to determine whether there are any arguable issues on appeal. If the attorney and the court of appeals concludes that the appeal is without merit, and if counsel is permitted to withdraw, a copy of counsel's motion and Anders brief would be furnished to the juvenile client and the juvenile's parent or guardian. The juvenile would then have the ability to advance his or her appeal through a parent, legal guardian, next friend, or guardian ad litem. See TEX. FAM.CODE §§ 51.11, 151.003(a)(7); see also Grunewald v. Technibilt Corp., 931 S.W.2d 593, 595 (Tex.App. Dallas 1996, writ denied); Fite v. King, 718 S.W.2d 345, 346 n. 2 (Tex.App.Dallas 1986, writ ref'd n.r.e.); Leigh v. Bishop, 678 S.W.2d 572, 573 (Tex.App.Houston [14th Dist.] 1984, no writ).
Extending Anders to juvenile appeals will properly balance juveniles' statutory right to counsel against appointed counsels' obligation not to prosecute frivolous appeals. Moreover, Anders provides the juvenile more protection than the procedure devised by the court of appeals because both the attorney and the court of appeals must determine whether there are any arguable issues on appeal.
For the foregoing reasons, we hold that the Anders procedure should apply to juvenile proceedings. However, this does not end the inquiry. We must also determine whether there is an adequate remedy by appeal before we grant mandamus relief. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).
As previously discussed, the court of appeals in this case left counsel with three options. The first option is to file a brief on the merits. If an attorney chooses this option and the appeal is truly frivolous, the attorney will be required to file a brief in violation of our ethical rules. Although the attorney might have a valid excuse for that violation if disciplinary proceedings were initiated, a petition for review in this Court cannot undo the harm. This is analogous to the situation in Braden v. Downey, 811 S.W.2d 922, 930 (Tex.1991), in which we held that there was no adequate remedy by appeal from an order that required an attorney to perform community service as a discovery sanction when the deadline for completion was prior to rendition of a final judgment. We observed that time spent is different from money paid because the former can never be recovered. See id.
If the second option is chosen, which is to withdraw and substitute a new attorney, there are two possible results. One is that the new attorney will also conclude that the appeal is frivolous and will be faced with the same dilemma as original counsel. But if the second attorney does not agree that the appeal is frivolous, the Anders issue will be moot on appeal and will evade review. Likewise, if the original attorney chooses the third option, which is to convince the client to dismiss the appeal, the Anders issue will be moot and evade review. Under these circumstances, there is no adequate remedy by appeal.

* * * * *
Accordingly, without hearing oral argument, the Court conditionally grants writs of mandamus directing the court of appeals to conduct an appropriate Anders review of the *300 underlying juvenile proceedings. TEX.R.APP. P. 59.1.
Justice BAKER filed a dissenting opinion, in which Justice ENOCH joined.
Justice HANKINSON did not participate in the decision.
BAKER, Justice, joined by ENOCH, Justice, dissenting.
These cases involve two related mandamus proceedings. However, other than the Court identifying the proceedings as such, paying lip service about the lack of an adequate appellate remedy, and conditionally granting mandamus at the end of the opinion, one would not know it. This Court fails to fairly apply the mandamus standard of review, and attempts to write around the fact that relators have an adequate remedy by appeal. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992). Consequently, the Court erroneously concludes it can conditionally grant mandamus. I dissent.

BACKGROUND
Both of these mandamus proceedings arise out of underlying, pending direct appeals in the court of appeals. The juvenile court appointed the same attorney to represent the juveniles in their pending appeals. Appointed counsel filed an Anders brief and the required motion to withdraw. In each case the court of appeals denied the motions to withdraw, struck the Anders briefs and ordered counsel to file, within thirty days of the court's order, either: (1) a brief on the merits of the appeal; (2) a motion to substitute counsel; or (3) a motion to dismiss the appeal signed by appellant's counsel and appellant's legal guardian. Appointed counsel then filed petitions for mandamus in this Court requesting that this Court order the court of appeals to apply the Anders procedures to the two appeals pending in the court of appeals.

MANDAMUS STANDARD OF REVIEW
Mandamus is an extraordinary remedy, available only in limited circumstances. See Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.1994); Walker, 827 S.W.2d at 840. Mandamus will not issue when there is a clear and adequate remedy at law, such as a normal appeal. See Walker, 827 S.W.2d at 840; State v. Walker, 679 S.W.2d 484, 485 (Tex.1984). The requirement that a party seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. See Walker, 827 S.W.2d at 840; Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex.1989). Reviewing courts must comply with the strict procedural requirements attendant to mandamus proceedings. See Walker, 827 S.W.2d at 839-42.

ANALYSIS
The orders about which the two juvenile appellants complain both arise out of pending direct appeals in the court of appeals. This Court recognizes that whether the Anders procedure applies to juvenile appeals is one of first impression in this Court.
However, the Court does not fairly apply the established mandamus standard of review. I believe that review by petition for review from the court of appeals' final decision in these pending appeals is an adequate remedy. Here, the Relators have not demonstrated why an ordinary appeal is not adequate. The Court's attempt to do so is nothing more than setting up straw man arguments against the three options the court of appeals provides in its order and then concluding that, once having knocked down the straw men, there is no adequate remedy by appeal.
The Court speculates that if an attorney chooses the first option and files a brief on the merits and the appeal is truly frivolous, filing the brief would violate ethical rules. The Court further speculates that if disciplinary proceedings were initiated a petition for review could not undo this harm. This reasoning puzzles me, because I find it difficult to believe that the very court that ordered the attorney to file a brief on the merits in the appeal would then turn around and initiate a disciplinary proceeding against the attorney for doing so. The attorney could comply with the court of appeals' order and when the court of appeals concludes the *301 pending appeal, a petition of review would lie.
The Court further speculates that if either the second or third options are chosen, this would render the Anders issue moot and the issue would evade review. It seems to me that in these two proceedings, it is more likely than not that the Relators would choose to file a brief on the merits, preserve the Anders issue, and then petition for this Court's review.
Because I believe that the juvenile appellants have adequate legal remedies, I would not reach the merits of the Anders issue until the appeal. Consequently, I do not believe the Court should grant mandamus in these cases. I respectfully dissent.