COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-126-CV
 
  
IN 
THE MATTER OF D.R.H.
  
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
D.R.H. was adjudicated delinquent for the misdemeanor offense of theft $50-500 
and was placed on probation on November 20, 2002.  See Tex. Penal Code Ann. § 31.03(a), 
(e)(2)(A)(i) (Vernon Supp. 2004).  On April 4, 2003, the juvenile court 
found that Appellant had violated the terms of his probation but that it was in 
Appellant’s best interest that his probation not be revoked.  
Accordingly, the court denied the State’s request to revoke Appellant’s 
probation and Appellant was ordered continued on probation.  He appeals 
from that decision.  We affirm.
Anders 
Review
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.  See In re D.A.S., 
973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding).  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no reversible grounds on appeal and referencing any 
grounds that might arguably support the appeal.  See Mays v. State, 
904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  This court 
provided Appellant and his parents the opportunity to file a pro se brief, but 
they have declined to do so.  The State agrees with Appellant’s counsel 
that this appeal is frivolous.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  Only then may we 
grant counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 
75, 83-84, 109 S. Ct. 346, 351 (1988).
Background and 
Independent Review
        Our 
review of the record reveals no jurisdictional defects.  The juvenile court 
has jurisdiction over a child who is alleged to have engaged in delinquent 
conduct.  See Tex. Fam. Code 
Ann. § 51.04(a) (Vernon 2002).  Appellant stipulated to the 
evidence in this case, which would include the allegation that Appellant is a 
child who lives in Tarrant County, Texas and was born May 17, 1987; therefore, 
he was fifteen years old at the time of the hearing on the State’s motion to 
modify disposition.  See id. § 51.02(2)(A) (Vernon Supp. 2004) 
(stating a “child” is a person who is between ten and seventeen years of 
age).
        The 
State’s motion to modify disposition was not defective, and it provided 
sufficient notice to Appellant of the allegations against him.  Cf. id. 
§ 53.04(d) (Vernon 2002) (setting forth requirements of petition for 
adjudication); In re A.B., 868 S.W.2d 938, 940-41 (Tex. App.—Fort Worth 
1994, no writ) (discussing notice requirements for petition to adjudicate).
        Appellant’s 
mother and father attended the proceedings.  See Tex. Fam. Code Ann. § 51.115(a) (Vernon 
2002).  Appellant was represented by counsel at all stages of the 
proceedings, including this appeal.  See id. § 51.10 (Vernon Supp. 
2004).  Appellant’s waivers of his rights comport with section 51.09 of 
the family code.  See id. § 51.09 (Vernon 2002).
        Because 
Appellant waived the making of a record from the hearing on the State’s motion 
to modify disposition, we are unable to review the sufficiency of the evidence 
from that hearing.  However, Appellant stipulated to the evidence at that 
hearing.  The record from the subsequent disposition hearing reflects that 
the trial court denied the State’s request to revoke Appellant’s probation, 
and Appellant was continued on probation.
        There 
is no evidence in the record showing that Appellant received ineffective 
assistance of counsel.  See Strickland v. Washington, 466 
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); D.A.S., 973 S.W.2d at 297.
Motion to 
Withdraw
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is 
frivolous.  Accordingly, we grant counsel’s motion to withdraw.
Conclusion
        Based 
upon our independent review of this record, we have determined that there is no 
error on which an appeal could be based or which would require reversal of this 
case.  Therefore, we grant counsel’s motion to withdraw on appeal and 
affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
  
 
PANEL 
B:   HOLMAN, DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: 
June 17, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.