IN THE MATTER OF DRH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-126-CV

IN THE MATTER OF D.R.H. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant D.R.H. was adjudicated delinquent for the misdemeanor offense of theft $50-500 and was placed on probation on November 20, 2002.  
See
 
Tex. Penal Code Ann.
 § 31.03(a), (e)(2)(A)(i) (Vernon Supp. 2004).  On April 4, 2003, the juvenile court found that Appellant had violated the terms of his probation but that it was in Appellant’s best interest that his probation not be revoked.  Accordingly, the court denied the State’s request to revoke Appellant’s probation and Appellant was ordered continued on probation.  He appeals from that decision.  We affirm.    

Anders
 Review

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  
In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  
See In re D.A.S.
,  973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding).  
Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  
This court provided Appellant and his parents the opportunity to file a pro se brief, but they have declined to do so.  
The State agrees with Appellant’s counsel that this appeal is frivolous.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Background and Independent Review

Our review of the record reveals no jurisdictional defects.  The juvenile court has jurisdiction over a child who is alleged to have engaged in delinquent conduct.  
See
 Tex. Fam. Code Ann.
 § 51.04(a) (Vernon 2002).  Appellant stipulated to the evidence in this case, which would include the allegation that Appellant is a child who lives in Tarrant County, Texas and was born May 17, 1987; therefore, he was fifteen years old at the time of the hearing on the State’s motion to modify disposition.  
See id.
 § 51.02(2)(A) (Vernon Supp. 2004) (stating a “child” is a person who is between ten and seventeen years of age).  

The State’s motion to modify disposition was not defective, and it provided sufficient notice to Appellant of the allegations against him. 
 Cf. id.
 § 53.04(d) (Vernon 2002) (setting forth requirements of petition for adjudication);
 In re A.B.
, 868 S.W.2d 938, 940-41 (Tex. App.—Fort Worth 1994, no writ) (discussing notice requirements for petition to adjudicate).

Appellant’s mother and father attended the proceedings.  
See
 
Tex. Fam. Code Ann.
 § 51.115(a) (Vernon 2002).  Appellant was represented by counsel at all stages of the proceedings, including this appeal.  
See id.
 § 51.10 (Vernon Supp. 2004).  Appellant’s waivers of his rights comport with section 51.09 of the family code.  
See
 
id.
 § 51.09 (Vernon 2002).

Because Appellant waived the making of a record from the hearing on the State’s motion to modify disposition, we are unable to review the sufficiency of the evidence from that hearing.  However, Appellant stipulated to the evidence at that hearing.  The record from the subsequent disposition hearing reflects that the trial court denied the State’s request to revoke Appellant’s probation, and Appellant was continued on probation. 

There is no evidence in the record showing that Appellant received ineffective assistance of counsel.  
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
D.A.S.
, 973 S.W.2d at 297.

Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we 
grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment. 

PER CURIAM

PANEL B: HOLMAN, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  June 17, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.