NO. 07-07-0312-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2007
_____

IN THE MATTER OF A. G. N., A CHILD
_____

FROM THE COUNTY COURT AT LAW #1 OF POTTER COUNTY;

SITTING AS A JUVENILE COURT

NO. 9084-J#1; HONORABLE W. F. ROBERTS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

A.G.N., a juvenile, appeals an order of commitment to the Texas Youth Commission. Finding he is without appellate counsel and the record is incomplete, we abate and remand the case for proceedings consistent with this opinion.

On June 22, 2007, A.G.N. was committed to the Texas Youth Commission by indeterminate order modifying disposition. Tex. Fam. Code Ann. § 54.05 (Vernon Supp. 2006).[1] His trial counsel, Vance Edward Ivy, filed a notice of appeal on July 9, 2007, and

_____

[1] Further citation to Tex. Fam. Code Ann. (Vernon 2002 & Supp. 2006) shall be by the abbreviation "Section" followed by the relevant number.

was thereafter granted leave to withdraw from the representation. On August 7, 2007, the juvenile court denied the application of A.G.N.'s mother for court-appointed counsel. We find no indication that A.G.N. has subsequently received appointed or retained appellate counsel.

The appellate record was due in this court by August 21, 2007. Tex. R. App. P. 35.1. We received the clerk's record on September 21, 2007, but have not received the reporter's record. On September 11, 2007, the reporter filed a status report that indicated A.G.N. had not requested preparation of the reporter's record. In a status report filed September 25, 2007, the reporter indicated on September 20, 2007, the mother of A.G.N. paid a deposit for preparation of the reporter's record.

A juvenile who may be found delinquent and subjected to loss of liberty has the right to appointed counsel. *See In re Gault,* 387 U.S. 1, 41, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967)*; In re D.A.S.,* 973 S.W.2d 296, 298 (Tex. 1998). The Legislature has mandated that indigent juveniles receive the assistance of appointed counsel on appeal. Sections 51.10(f)(2) and 56.01(d)(2),(3). Once a juvenile expresses the desire to appeal by filing a notice of appeal "[c]ounsel shall be appointed under the standards provided in Section 51.10 of this code unless the right to appeal is waived in accordance with Section 51.09 of this code." Section 56.01(f). "A child may be represented by an attorney at every stage of proceedings under this title including . . . : (8) proceedings in a court of civil appeals or the Texas Supreme Court reviewing proceedings under this title." Section 51.10(a).

This case potentially raises the issue of a juvenile's right to appellate counsel when his or her parents are capable of retaining an attorney but do not engage counsel for the child. Under such circumstances Section 51.10 further provides:

> (d) The court shall order a child's parent or other person responsible for support of the child to employ an attorney to represent the child, if:
>
>> (1) the child is not represented by an attorney;
>>
>> (2) after giving the appropriate parties an opportunity to be heard, the court determines that the parent or other person responsible for support of the child is financially able to employ an attorney to represent the child; and
>>
>> (3) the child's right to representation by an attorney:
>>
>>> (A) has not been waived under Section 51.09 of this code; or
>>>
>>> (B) may not be waived under Subsection (b) of this section.

Section 51.10 (d).

The court may also appoint counsel in any case it deems representation necessary to protect the interests of the juvenile. Section 51.10(g).

"The court may enforce orders under Subsection (d) by proceedings under Section 54.07 or by appointing counsel and ordering the parent or other person responsible for support of the child to pay a reasonable attorney's fee set by the court. The order may be enforced under Section 54.07." Section 51.10(e).

Conversely, if the court determines a juvenile's parents are "financially unable to employ an attorney" for the child, it shall appoint an attorney. Section 51.10(f). Counsel

3

appointed under Section 51.10 (f) or (g) may be compensated from the general fund of the county and the juvenile's parents ordered to reimburse the county for fees it pays appointed counsel. Section 51.10 (k). For the purpose of determining indigency, the court shall consider the assets and income of the child, his or her parents, and any other person responsible for the support of the child. Section 56.01(m).

While the Family Code's mechanism under Title 3 for ensuring counsel on appeal is relatively detailed, the same may not be said for the provision for payment of costs attending appeal in the absence of indigency. As noted above, this court has received the clerk's record; however, counsel for A.G.N. may desire supplementation. More problematic is the issue of payment for the reporter's record. According to the reporter's current status report, the transcript of A.G.N.'s modification hearing is approximately 120 pages covering four days of testimony. This court has received notification that the mother of A.G.N. recently tendered a deposit for preparation of the reporter's record, but this alone does not eradicate the possibility of future delay for non-payment of this cost. Section 56.01(l) authorizes the court, in the absence of indigency, to order the payment of costs on appeal by the child, his or her parent, or person responsible for support. Thus, should the court determine that a juvenile is not entitled to a free reporter's record under Section 56.02, it is empowered to make orders sufficient for payment of the clerk's record and reporter's record by the child, his or her parents, or other persons responsible for support.

In light of the foregoing, we abate the appeal and remand the case to the County Court at Law No. 1 of Potter County for further proceedings. Upon remand, the trial court

shall use all necessary means, including a hearing if the court finds it necessary, to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent, applying the standard of Section 56.01(m);

3. whether appellant is entitled to appointed counsel due to indigence;

4. whether appointment of an attorney for appeal is necessary to protect the interests of appellant according to Section 51.10(g);

5. after applying Section 51.10(d), whether to order appellant's father and mother to retain an attorney for appellate representation of appellant;

6. whether appellant is entitled to a free reporter's record under Section 56.02;

7. in the absence of an indigency finding, whether to order appellant's parents to pay the costs for preparation of the clerk's record and reporter's record.

If the trial court determines that A.G.N. desires to prosecute the appeal, it shall make all orders necessary to ensure representation and a complete record on appeal.

This court finds no indication that the case comes within Section 56.01(n); however, if it does, the trial court shall also certify that A.G.N. is entitled to appeal under Section 56.01(n)(1) or (2) or that he is not entitled to appeal and the reason.

The trial court shall cause any hearing held to be transcribed and shall conduct it in a manner designed to protect A.G.N.'s rights which may include presentation of testimony in any manner permitted by law. The trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause to be developed a

supplemental clerk's record containing the findings of fact and conclusions of law and all orders and certificates it may issue as a result of compliance with this order, and (3) cause to be developed a reporter's record transcribing the evidence and arguments presented at any hearing conducted.

Additionally, the trial court shall file the supplemental record with the clerk of this court on or before November 9, 2007. Should further time be required by the trial court to perform these tasks, it shall be so requested before November 9, 2007.

Finally, if the trial court determines A.G.N. is entitled to appointed counsel and appoints counsel, it shall inform this court of the name, address, and state bar number of the appointed counsel.

It is so ordered.


Per Curiam

6