

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-12-00081-CV |
| § | Appeal from the |
| § | |
| IN THE MATTER OF G.A.T., A JUVENILE § | 65th Judicial District Court |
| § | of El Paso County, Texas |
| § | (TC# 10,00434) |
| § | |

## <u>MEMORANDUM   OPINION</u>

This is an appeal from a disposition removing G.A.T., a juvenile, from his home and placing him in the Challenge Academy.   We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, G.A.T. was adjudicated guilty of delinquent conduct and placed on supervised probation.    That disposition, however, was modified several times because of G.A.T.'s continuing misconduct.   By the time G.A.T. was taken into custody for possession of marijuana in early 2012, he was on intensive supervised probation under the SHOCAP program.   Following G.A.T.'s arrest, the State once again sought to modify his disposition.

At the hearing on the motion to modify, G.A.T. pleaded "true" to the allegations that he violated the terms of his probation by using marijuana, leaving the electronic monitoring premises,

and accruing unexcused absences from school. Based on G.A.T.'s pleas of "true," the trial court sustained the State's motion and set the case for disposition at a later date. At the disposition hearing, the State presented evidence that the appropriate disposition for G.A.T. was his placement outside the home in the structured environment provided by the Challenge Academy.

At the conclusion of the hearing, the trial court announced G.A.T was in need of rehabilitation, that the protection of the public and G.A.T. required a disposition, and that it was in the best interests of G.A.T.'s and the public for him to serve his probation outside the home in the Challenge Academy until his 18th birthday.[1] These findings and those required by law when a juvenile is placed outside the home are included in the trial court's judgment. The record also reflects that the trial court advised G.A.T. of his right to appeal.

## COMPLIANCE WITH *ANDERS V. CALIFORNIA*

G.A.T. is represented on appeal by court-appointed counsel who has filed a brief in which she has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. Califor*nia, 386 U .S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. As established by the Texas Supreme Court, *Anders* applies to appeals from juvenile-delinquency proceedings. *In re D.A.S.*, 973 S.W.2d 296, 298-99 (Tex.1998)(orig. proceeding).

## INDEPENDENT REVIEW

Upon receiving an *Anders* brief in a juvenile-delinquency proceeding, we have an obligation to review the proceeding to determine whether the case is wholly frivolous. *Id*. at 299-300. After thoroughly reviewing the record and counsel's brief, we agree with counsel's

---

[1] G.A.T. turned 18 years of age in October 2012.

professional assessment that the appeal is frivolous and without merit and that there is no reversible error. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's brief would add nothing to the jurisprudence of the state. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex.Crim.App. 2005)("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.").

## MOTION TO WITHDRAW

In accordance with *Anders* and *In re D.A.S.*, G.A.T.'s court-appointed counsel has asked for permission to withdraw. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *In re D.A.S.*, 973 S.W.2d at 298-99. In her motion, counsel avers she provided G.A.T. with copies of the brief and the motion and with a letter informing him of his right to review the record and file his own brief.[2] A copy of the letter is attached to the motion. As of this date, G.A.T. has not filed a *pro se* brief. The motion to withdraw has been granted by separate order issued this same date.

## CONCLUSION

The trial court's judgment is affirmed.

July 3, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

[2] After court-appointed counsel filed her *Anders* brief and motion to withdraw, she filed a motion to dismiss G.A.T.'s appeal. The motion was signed by counsel and by G.A.T., but not by G.A.T.'s parents as required. For that reason, we denied the motion.