

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00326-CV
_____

IN THE INTEREST OF E.M.F., A CHILD

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-12633-17-08, Honorable Kregg Hukill, Presiding

December 18, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

"Alan"[1] appeals the trial court's order terminating his parental rights to his daughter, E.M.F. Appointed counsel for Alan has filed an *Anders*[2] brief in support of a motion to withdraw. Finding no arguable grounds for appeal, we affirm the judgment of the trial court.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant father as "Alan," the mother of the child as "Vanessa," and the child the subject of this appeal as "E.M.F." *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018); TEX. R. APP. P. 9.8(b). Vanessa's parental rights were also terminated as to E.M.F. and her three siblings, but she did not appeal.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

## Background

In August 2017, the Texas Department of Family and Protective Services filed its petition for protection, conservatorship, and termination of the parental rights of Alan and Vanessa as to their fifteen-year-old daughter, E.M.F., and Vanessa's three younger children due to allegations of neglectful supervision and methamphetamine use by Vanessa.[3] During the Department's investigation, the youngest child, a two year old, tested positive for methamphetamine. Vanessa admitted to methamphetamine use and stated that she was too unstable to take care of the children. According to E.M.F., Vanessa used methamphetamine in front of the children. At the time of the removal, the Department was not able to locate Alan. Vanessa maintained that Alan's last face-to-face contact with E.M.F. was in 2013 and that he was not actively involved in E.M.F.'s life. Eventually Alan was located as an inmate in the Tom Green County Jail.

A bench trial was held on August 20, 2018. Alan was incarcerated in the Lindsey Unit in Jacksboro, Texas, but he appeared by telephone. Alan's court-appointed counsel was present at trial.

The Department produced evidence that Alan was convicted on March 7, 2018, of possession of a controlled substance with intent to distribute methamphetamine and sentenced to fifteen years in the Texas Department of Criminal Justice (TDCJ). Alan is eligible for parole in August of 2019, but his projected release date is October 2023. This is the third time that Alan has been incarcerated at TDCJ.

---

[3] Alan is the father of E.M.F. The court also terminated the parental rights of the fathers of E.M.F.'s siblings in this suit, but they did not appeal.

The Department developed a family service plan for Alan, but he did not complete any of the services listed in the plan. E.M.F. had brief contact with Alan via Facebook in the beginning of the case. Alan has not spoken to E.M.F. since he was incarcerated. According to Alan, E.M.F. has not stayed with him since 2015.

At the time of trial, E.M.F. and her three siblings were placed together in a foster home in Amarillo. E.M.F. is doing extremely well in the placement. The foster mother testified that she bought a larger home so that all four of the children could be together. The Department has no concerns about the placement. The foster mother wishes to adopt E.M.F. and her three siblings.

The trial court terminated Alan's parental rights on the grounds of endangering conditions, endangerment, constructive abandonment, failure to comply with a court order that established actions necessary to retain custody of the child, and conduct that resulted in imprisonment and inability to care for the child for not less than two years. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), and (Q) (West Supp. 2018).[4] The trial court also found that termination was in the best interest of E.M.F. *See* § 161.001(b)(2). The court appointed the Department as the Permanent Managing Conservator of E.M.F.

Analysis

Pursuant to *Anders*, Alan's court-appointed appellate counsel has filed a brief certifying that he has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252

---

[4] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that he has diligently researched the law applicable to the facts and issues and discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Alan, and notifying him of his right to file a pro se response if he desired to do so. *Id.*; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Alan has not filed a response.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable

4

trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28-29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.). By his *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (D), (E), (N), (O), and (Q). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that sufficient evidence existed to support at least one ground for termination, and that termination of Alan's parental rights was in E.M.F.'s best interest. *See In re A.V.*, 113 S.W.3d at 362; *In re T.N.*, 180 S.W.3d at 384. After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal.

Accordingly, the trial court's order terminating Alan's parental rights to E.M.F. is affirmed.[5]

Judy C. Parker
Justice

---

[5] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).