

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00091-CV

_____

IN THE INTEREST OF J.C., JR., A CHILD

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 87472

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Based on the verdict of a Hunt County jury, the trial court terminated the parental rights of J.C., Sr., to his child, J.C., Jr. J.C., Sr., is represented on appeal by court-appointed counsel, who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967). His court-appointed counsel has concluded, after a review of the record, that this appeal is frivolous and without merit. Because we agree, we affirm the judgment of the trial court. However, in consideration of appointed counsel's continuing obligation to represent J.C., Sr., for purposes of any further appellate review, we deny counsel's motion to withdraw.

The procedures set forth in *Anders* are applicable to an appeal from a trial court's order terminating parental rights when an appellant's appointed appellate counsel concludes that there are no nonfrivolous issues to assert on appeal. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (citing *In re D.A.S.*, 973 S.W.2d 296, 297 n.10 (Tex. 1998)); *In re P.M.H.*, No. 06-10-00008-CV, 2010 WL 1794390, at *1 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.). The *Anders* brief filed by J.C., Sr.'s, counsel presents an evaluation of the record demonstrating why there are no arguable grounds for reversal. Counsel has established that he provided J.C., Sr., with a copy of his brief, provided him with a copy of the appellate record, and notified him of his right to file a pro se response. By letter dated November 25, 2019, this Court informed J.C., Sr., that any pro se response was due on or before December 16, 2019. On December 30, 2019, this Court further informed J.C., Sr., that the case would be set for submission on the briefs on January 21, 2020. We have received neither a pro se response nor a motion for extension of time to file a pro se response.

2

Court-appointed counsel's brief meets the requirements of *Anders* by providing an evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See Anders*, 386 U.S. at 744. Having thoroughly reviewed the record and counsel's brief, we agree with counsel's assessment that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. *See id.* (emphasizing that reviewing court, not counsel, determines, after full examination of proceedings, whether the appeal is wholly frivolous). Accordingly, we affirm the trial court's final order terminating J.C., Sr.'s, parental rights to J.C., Jr.

We deny counsel's motion to withdraw, however. Once counsel is appointed by the trial court, he may be permitted to withdraw only for good cause. *P.M.*, 520 S.W.3d at 27. In cases where the Department of Family & Protective Services seeks termination of the parent-child relationship, "counsel's belief that the client has no grounds to seek further review from the court of appeals' decision" is not "good cause" sufficient to justify counsel's withdrawal. *Id.* Instead, an attorney's duty to his or her client extends through the exhaustion or waiver of all appeals in relation to the order. *Id.* If, after consultation, J.C., Sr., wishes to pursue review by the Supreme Court of Texas, counsel may satisfy his obligation to represent him on appeal "by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 28.

3

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 21, 2020
Date Decided:       January 29, 2020