

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00488-CV

———————————————

IN THE MATTER OF C.N.

———————————————

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-114125-20

———————————————

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

C.N. appeals from an order transferring him from the Texas Juvenile Justice Department's (TJJD) custody to the custody of the Texas Department of Criminal Justice (TDCJ) to complete his determinate sentence. *See* Tex. Fam. Code Ann. § 54.11. We affirm.

The trial court initially adjudicated C.N. guilty of delinquent conduct after finding that C.N. had committed an aggravated robbery when he was 16 years old. *See id.* §§ 53.045(a)(7), 54.03. C.N. and two others had entered a home at night; C.N., who was carrying an AR-15, searched the home for items to steal while one of the others pointed a handgun at one of the two victims and threatened to shoot her. C.N. was, at the time, on community supervision for engaging in delinquent conduct by committing unauthorized use of a motor vehicle. After the trial court adjudicated C.N. guilty of delinquent conduct, it sentenced him to an eight-year determinate sentence in TJJD custody. *See id.* § 54.04(d)(3).

Before C.N.'s 19th birthday, TJJD requested a hearing to determine whether C.N. should be transferred to TDCJ or released to TDCJ parole. *See* Tex. Hum. Res. Code Ann. §§ 244.014(a), 245.051(c)(2). After a hearing—at which TJJD records were introduced indicating that although C.N. did not fit TJJD's requirements for recommending TDCJ incarceration, he was nevertheless not a good candidate for parole—the trial court ordered C.N. transferred to TDCJ confinement. *See* Tex. Fam. Code Ann. § 54.11(i)(2), (k).

On appeal, C.N.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in which he asserts that after thoroughly reviewing the record, he has found "no errors warranting reversal that can be legitimately supported by the record." Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings).

Counsel provided a copy of the brief to C.N., informed C.N. of his right to review the record and to file a pro se response to the *Anders* brief, and informed him of his right to file a petition for review with the Texas Supreme Court if this court were to affirm the trial court's judgment. C.N. did not file a pro se response with this court. Additionally, the State declined to respond to the *Anders* brief.

Because C.N.'s counsel filed an *Anders* brief, we must independently examine the record to decide whether counsel correctly concluded that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record and counsel's brief, we find nothing in the record that might arguably support the appeal; thus, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.

If C.N. wishes to seek further review of this case, he must either file a pro se petition for review in the Texas Supreme Court or retain an attorney to file a petition for review in the Texas Supreme Court. *See In re D.J.*, No. 02-20-00386-CV, 2021 WL

2586610, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op.); *see also* Tex. R. App. P. 53.2 (listing required contents of petition for review), 53.7(a) (providing that petition for review must be filed 45 days after the date of this court's judgment or—if a timely motion for rehearing or a timely motion for en banc reconsideration is filed in this court—within 45 days of this court's last ruling on such motions).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  August 10, 2023