NO. 07-10-00112-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
NOVEMBER 9, 2010
--------------------------------------------------------------------------------

 
 IN THE MATTER OF C.P.
--------------------------------------------------------------------------------

 
 FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY;
 
 NO. JV29,773; HONORABLE W. JEANNE MEURER, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Appellant, C.P., a juvenile, appeals an order adjudicating him a delinquent and placing him on probation. We agree with appointed counsels conclusion the record fails to show any arguably meritorious issue which would support the appeal, and affirm the juvenile courts judgment.
On October 30, 2009, the State filed an amended petition alleging delinquent conduct on the part of appellant by committing a violation of section 22.01 of the Texas Penal Code. See Tex. Penal Code Ann. § 22.01 (Vernon Supp.2010). The petition alleged appellant committed an assault on a public servant. On January 25, 2010, the trial court conducted an adjudication hearing regarding the charge against appellant. After hearing evidence, the trial court found that appellant had committed an assault against a public servant and, therefore, had engaged in delinquent conduct. Subsequently, appellant entered into an agreed disposition. Thereafter, notice of appeal was filed on February 22, 2010. 
Appellant's counsel has filed a motion to withdraw and a brief in support pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998) (finding procedures enumerated in Anders apply to juvenile matters), in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the cases, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history, facts, and law applicable to this matter. Counsel also notes a potential issue on which error may lie but, with reference to supporting law, concludes the record does not support an appeal. Counsel has certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App. Waco 1994, pet. ref'd). By letter, this Court also notified appellants mother of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel. Neither appellant nor his mother have filed a response. 
 In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the juvenile court for appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
Our review convinces us that appellate counsel conducted a complete review of the record for this cause. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the juvenile courts order modifying its original disposition. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the juvenile court.

 Mackey K. Hancock
 Justice