02-11-097-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00097-CV

 

 


 
 
 In the Matter of K.B.,
 A Juvenile
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 30th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
K.B. appeals from the trial court’s order transferring him from the custody of the
Texas Youth Commission to the Texas Department of Criminal Justice for the
completion of his seven-year sentence.

Appellant’s
court-appointed counsel has filed a motion to withdraw as counsel and a brief
in support of that motion.  In the brief, counsel avers that in his
professional opinion, this appeal is frivolous.[2]  Counsel’s
brief and motion meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.[4] 
This court provided Appellant the opportunity to file a pro se response to the Anders
brief, but he has not done so.  The State also did not file a brief.

Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that an appeal is frivolous and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.[5]  Only then may we grant
counsel’s motion to withdraw.[6]

We
have carefully reviewed the record and counsel’s brief, we agree with counsel
that the appeal is wholly frivolous and without merit, and we find nothing in
the record that might arguably support the appeal.[7]

Consequently,
we grant the motion to withdraw and affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
DAUPHINOT, MEIER, and GABRIEL, JJ.

 

DELIVERED:  May 24, 2012









[1]See Tex. R. App. P. 47.4.





[2]See In re D.A.S.,
973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (holding that Anders
procedures apply to juvenile appeals).





[3]386 U.S. 738, 87 S. Ct.
1396 (1967).





[4]See
Mays v. State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).





[5]See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991); In re S.A., No.
12-08-00003-CV, 2008 WL 2670187, at *1 (Tex. App.—Tyler July 9, 2008, no pet.);
In re T.P.M., No. 07-06-00047-CV, 2006 WL 1715525, at *1 (Tex.
App.—Amarillo June 22, 2006, no pet.).





[6]See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).





[7]See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); In re G.L., No.
04-09-00387-CV, 2010 WL 1492304, at *1 (Tex. App.—San Antonio April 14, 2010,
no pet.).