COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | No. 08-11-00115-CV |
| | § | Appeal from the |
| IN THE MATTER OF J.A.H. | § | |
| | § | 323rd Judicial District Court |
| | § | of Tarrant County, Texas |
| | § | (TC# 91709-J) |

## MEMORANDUM OPINION

On January 25, 2010, Appellant, a juvenile, was adjudicated delinquent on a determinate-sentence petition alleging the first-degree felony offense of aggravated robbery with a deadly weapon for which he was sentenced to forty years' confinement in the Texas Youth Commission with possible transfer to the adult system. TEX. PENAL CODE ANN. § 29.03 (West 2011); TEX. FAM. CODE ANN. §§ 51.03, 53.045(a) (West 2008). On January 4, 2011, the Texas Youth Commission requested the trial court to conduct a hearing for the purpose of considering the transfer of Appellant from the custody of the Commission to the custody of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) for the remainder of his sentence. TEX. FAM. CODE ANN. § 54.11 (West 2008). The trial court set a hearing to be conducted on February 17, 2011. On that date, Appellant waived a public hearing under Section 54.11(f) of the Texas Family Code and, as agreed by the parties, the trial court continued

the hearing from February 17, 2011, to March 8, 2011. TEX. FAM. CODE ANN. § 54.11(f) (West 2008). After the conclusion of evidence, which included but was not limited to testimony and extensive record evidence showing no fewer than 177 incidents of Appellant's misconduct, the pendency of an additional felony charge, Appellant's failure to advance in his rehabilitation program, and the repeated but unsuccessful attempts of the Commission staff and professionals to address Appellant's behavior and rehabilitation during his first year of custody, the trial court found that the welfare of the community required that custody of Appellant be transferred to TDCJ-ID for the remainder of his sentence. TEX. FAM. CODE ANN. § 54.11(k) (West 2008); Act of May 20, 2009, 81st Leg., R.S., ch. 87, § 25.114, 2009 Tex. Sess. Law Serv. (West 2009) (formerlyTEX. HUM. RES. CODE ANN. § 61.084(c) redesignated as TEX. HUM. RES. CODE ANN. § 245.151(c) (West 2011) and amended by Act of May 19, 2011, 82nd Leg., ch. 85, § 1.007, 2011 Tex. Sess. Law Serv. (West 2011). Appellant appeals the trial court's order transferring his custody to TDCJ-ID. We affirm.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by advancing two contentions which counsel says might arguably support the appeal. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App.

1969); *see also In re D.A.S.*, 973 S.W.2d 296, 298 (Tex. 1998) (Texas Supreme Court held that the *Anders* procedure applies to juvenile appeals and noted that, although juvenile-delinquency proceedings are classified as civil, their nature is quasi-criminal). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a *pro se* brief. No *pro se* brief has been filed. The State has not filed a brief.

We have carefully reviewed the extensive record which is replete with detailed facts supporting the trial court's decision. We have also carefully reviewed counsel's brief and agree with Appellant's counsel that the appeal is wholly frivolous and without merit. A discussion of the contentions advanced in counsel's brief would add nothing to the jurisprudence of the state. Further, we find nothing in the record that might arguably support the appeal.

The order is affirmed.


                                                    GUADALUPE RIVERA, Justice
July 5, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

3