# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00333-CV

## In the Matter of M. L.

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 39283, HONORABLE ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1]  In 2011, sixteen-year-old M.L. was adjudicated delinquent on three counts of the offense of aggravated sexual assault of a child and one count of possession of marihuana in an amount of two ounces or less.  The district court, sitting as a juvenile court, assessed a determinate sentence of fifteen years' confinement in the Texas Juvenile Justice Department (TJJD).  In 2014, TJJD requested that the juvenile court conduct a hearing for the purpose of transferring M.L. to the custody of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID).

At the transfer hearing, the district court heard evidence tending to show that M.L's behavior during his time at TJJD had been characterized as "extremely poor."  According to the testimony of Leonard Cucolo, TJJD's court liaison, M.L. had engaged in 349 "documented incidents of misconduct," including 75 "major rule violations" during a 28-month period.  Cucolo testified that

---

[1]  386 U.S. 738 (1967); *see also In re D.A.S.*, 973 S.W.2d 296, 298-99 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile appeals and observing that "although juvenile cases are classified as civil proceedings, they are quasi-criminal in nature").

M.L.'s misconduct included assault, exposing himself to and masturbating in front of others, "chunking bodily fluids," possessing prohibited items, fleeing apprehension, tampering with safety equipment, and misusing medication. Cucolo added that these incidents "have not slowed down, and [M.L.] has really kind of continued on this kind of behavior up until the time of this hearing." A written report summarizing M.L.'s numerous incidents of misconduct while confined at TJJD was admitted into evidence. Additionally, Danielle Todaro, a psychologist at TJJD who had performed a psychological evaluation of M.L., testified that TJJD had attempted to provide M.L. with a variety of rehabilitation services focusing on improving his inappropriate sexual behaviors, alcohol and drug issues, and anger management problems, but that M.L. had failed to complete any of these services. After considering this and other evidence, the district court ordered M.L. transferred to TDCJ-ID to complete the remainder of his sentence. This appeal followed.

M.L.'s court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2] Counsel has certified to the Court that he has provided a copy of the motion and brief to M.L., advised M.L. of his right to examine the appellate record and file a pro se response, and supplied M.L. with a form motion for pro se access to the appellate record.[3] No pro se brief or other written response has been filed.

---

[2]  *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

[3]  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The order of the juvenile court is affirmed.

                                              _____

                                              Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: August 27, 2015