

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00039-CV
_____

IN THE MATTER OF J.W., A JUVENILE

On Appeal from the County Court
Lamar County, Texas
Trial Court No. 5-CJV-16

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

After an adjudication hearing on March 22, 2016, the trial court found that J.W. had engaged in delinquent conduct as a result of committing robbery on January 22, 2016, and engaged in deadly conduct on February 3, 2016. The trial court placed J.W. on probation in the custody of his mother for a period of twelve months. On January 3, 2017, the county attorney of Lamar County filed a petition to modify disposition and to revoke J.W.'s probation. The petition alleged, *inter alia*, that J.W. had violated the terms of his probation by unlawfully appropriating a paintball gun from Walmart on or about December 11, 2016, and requested that the trial court commit J.W. to the Texas Juvenile Justice Department (TJJD). After a disposition hearing held on February 7, 2017, the trial court entered its order committing J.W. to the TJJD.[1]

J.W.'s appellate attorney filed a brief setting out the procedural history of the case and summarizing the evidence elicited during the course of the trial court proceedings and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re D.A.S.*, 973 S.W.2d 296 (Tex. 1998) (orig. proceeding). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]On August 11, 2017, we abated this case to the trial court with instructions to correct its original modification order to include its specific reasons for its disposition order. By amended order signed August 28, 2017, the trial court corrected its order.

Counsel sent a copy of the brief to J.W., provided him with a copy of the record, and advised J.W. of his right to review the record and file a pro se response. We received neither a pro se response from J.W. nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and have determined that no arguable issue supports an appeal. *See D.A.S.*, 973 S.W.2d at 297, 299. In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]


Bailey C. Moseley
Justice

Date Submitted:     September 8, 2017
Date Decided:       September 15, 2017

---

[2]Since we agree that this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within forty-five days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 53.7, (2) must be filed with the clerk of the Texas Supreme Court, *see* TEX. R. APP. P. 53.7, and (3) should comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 53.2.