

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00179-CV
07-17-00185-CV

**IN THE INTEREST OF K.P., A CHILD**
**IN THE INTEREST OF P.S. AND P.S., CHILDREN**

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 79,468-D and 88,399-D, Honorable Carry Baker, Presiding

September 20, 2017

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, A.S.,[1] appeals from the trial court's order terminating her parental rights to her children, K.P., P.S., and P.S. Appointed counsel for A.S. has filed an *Anders*[2] brief in support of a motion to withdraw. Finding no arguable grounds for appeal, we will affirm the judgment of the trial court.

---

[1] To protect the children's privacy, we will refer to appellant and the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b).

[2] *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Background

In January of 2016, the Department of Family and Protective Services received a report of neglectful supervision and abuse regarding A.S.'s three children. In response, the Department began providing family-based services to A.S. In March of 2016, the Department received a second report of abuse and neglect of A.S.'s children. The Department visited A.S.'s home and discovered that there were three adults and three children living in a six hundred square foot, one bedroom apartment. The apartment was dirty, unkempt, without working utilities, and lacked food. When appellant and the children all tested positive for methamphetamines, the Department sought and received emergency temporary orders for the removal of the children.

After the removal, the Department prepared service plans that were signed by A.S. and ordered by the trial court. These service plans required A.S. to *inter alia* maintain ongoing employment, obtain suitable housing, submit to drug testing, and complete specifically identified parenting classes. The Department met with A.S. nearly each month during the pendency of the case.[3] At these meetings, the Department reiterated the importance of A.S. complying with the service plans and attempted to resolve issues that were hindering A.S.'s ability to do so. By the time of the final hearing, A.S. had failed to comply with most of the services contained in the service plans.

After a bench trial on March 30, 2017, the trial court found there was clear and convincing evidence to support the Department's allegations under three of the

---

[3] A.S. and the Department did not meet during the month of December 2016.

predicate grounds for termination set forth in the Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2016) (identifying predicate grounds for termination of parental rights); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate ground required to terminate parental rights under section 161.001(b)(1)). Specifically, the trial court found clear and convincing evidence that A.S. knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being (subsection (D) of section 161.001(b)(1)); engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children (subsection (E)); and failed to comply with the provisions of a court order that specifically established the actions necessary for A.S. to obtain the return of the children who had been in the temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children (subsection (O)).

In addition, the trial court found that termination was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (evidence of acts or omissions used to establish grounds for termination under section 161.001(b)(1) may be considered in determining best interest of the children). At the time of the final hearing, A.S. lived in a tent city outside of Yellow City Community Outreach Program's homeless shelter. She did not obtain or maintain employment. A.S. tested positive for methamphetamine or admitted to its use throughout the pendency of the case, including use approximately two weeks before the final hearing.

While A.S. took some online parenting classes, she failed to complete the specialized parenting classes required by her service plan.

A.S. timely filed notice of appeal challenging the trial court's order of termination.

Analysis

Pursuant to *Anders*, A.S.'s court-appointed appellate counsel has filed a brief certifying that she has conducted a conscientious examination of the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to appellant, and notifying her of her right to file a *pro se* response if she desired to do so. *Id.*; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Appellant has not filed a response.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Fam. Code Ann. § 101.007 (West 2014). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d at 28-29; *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.). By her *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsection (O). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d at 384 (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v.*

5

*State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that sufficient evidence existed to support at least one ground for termination, in compliance with section 161.001 of the Family Code, and that termination of A.S.'s parental rights was in the children's best interest.  *See In re A.V.*, 113 S.W.3d at 362; *In re T.N.*, 180 S.W.3d at 384.  After reviewing the record and the *Anders* brief, we agree with counsel there are no plausible grounds for reversal.

Accordingly, the trial court's order terminating A.S.'s parental rights to the children is affirmed.[4]

Judy C. Parker
Justice

---

[4] Counsel has filed a motion to withdraw.  However, the Texas Supreme Court has explained that, absent good cause, counsel has a continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review.  *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).  As such, counsel's motion to withdraw is hereby denied.