

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

## No. 07-18-00153-CV

___

### IN THE INTEREST OF A.W. AND K.C., CHILDREN

___

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 89,291-E, Honorable Carry Baker, Presiding

___

## August 15, 2018

## MEMORANDUM OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

"Frank"[1] appeals the trial court's order terminating his parental rights to his children, "A.W." and "K.C." Appointed counsel for Frank has filed an *Anders*[2] brief in support of a motion to withdraw. Finding no arguable grounds for appeal, we affirm the judgment of the trial court.

___

[1] To protect the privacy of the parties involved, we will refer to the appellant father as "Frank," the mother of the children as "Jane," and the children the subject of this appeal as "A.W." and "K.C." *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8(b). Jane's parental rights were also terminated, but she did not appeal.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Background

In October 2016, the Department of Family and Protective Services filed its Petition for Protection of Child, for Conservatorship, and for Termination in Suit Affecting Parent-Child Relationship, seeking termination of the parental rights of Frank and Jane as to their two children, six-year-old A.W. and newborn K.C. The children were removed after the Department received a report that Jane tested positive for methamphetamine and marijuana at the birth of K.C. A.W. was interviewed by the Department's investigator. She had a vast knowledge of drug use and drug paraphernalia. A.W. told the investigator that she had seen her mother using drugs and she could explain in detail how to use "crack" and "weed."

Frank and Jane had a history of domestic violence. Frank assaulted Jane in front of A.W. and he also assaulted Jane while she was holding A.W. The Department produced evidence that Frank was convicted of felony assault on Jane in 2011. In 2016, he pleaded guilty to assaulting Jane and he was sentenced to four years in the Texas Department of Criminal Justice (TDCJ). On November 2, 2017, he was sentenced to seven years in TDCJ for assaulting Jane and violating a protective order. His projected release date was April 21, 2020.

Frank maintained contact with the Department throughout the course of the case. Frank did not testify at trial. The last contact the Department had with Jane was in July of 2017.

At the time of trial, A.W. and K.C. were placed in separate foster-adopt placements. A.W. is now seven years old. She is doing well in her placement. She receives therapy

for episodes of extreme anger and self-harming behaviors.  A.W. told the caseworker that "she is afraid that [Frank] is going to hurt her," and "she worries that [Frank] is going to hurt her similar to how he had hurt her mom."  K.C. is now eighteen months old.  She has cerebral palsy and chronic lung disease.  She receives Early Childhood Intervention services and physical therapy.  Her placement intends to adopt her.

On April 13, 2018, the trial court terminated Frank's parental rights on the grounds of endangerment and conduct that resulted in imprisonment and inability to care for the children for not less than two years.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (Q) (West Supp. 2017).[3]  The trial court also found that termination was in the best interest of A.W. and K.C*.  See* § 161.001(b)(1)(2).  The court appointed the Department as the Permanent Managing Conservator of A.W. and K.C.

Analysis

Pursuant to *Anders*, Frank's court-appointed appellate counsel has filed a brief certifying that he has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal.  *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that he has diligently researched the law applicable to the facts and issues and discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Frank, and notifying him of his right to file a pro se response if he desired to do so. *Id.*; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Frank has not filed a response.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89

4

S.W.3d 17, 28-29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.). By his *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (E) and (Q). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that sufficient evidence existed to support at least one ground for termination, and that termination of Frank's parental rights was in A.W. and K.C.'s best interest. *See In re A.V.*, 113 S.W.3d at 362; *In re T.N.*, 180 S.W.3d at 384. After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal.

Accordingly, the trial court's order terminating Frank's parental rights to A.W. and K.C. is affirmed.[4]

Judy C. Parker
Justice

---

[4] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).