# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-19-00810-CV

---

**K. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

FROM THE 146TH DISTRICT COURT OF BELL COUNTY
NO. 298,186-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Katie appeals a final decree terminating her parental rights to a child.[1]  Following de novo trial to the bench, *see* Tex. Fam. Code § 201.015(a) (allowing de novo review of associate judge's reports and orders), the district court rendered judgment finding by clear and convincing evidence that Katie had failed to comply with court orders establishing the conditions necessary to regain custodial rights, *see id.* § 161.001(b)(1)(O), and that termination is in the best interest of the child, *see id.* § 161.001(b)(2).  Katie filed timely appeal.

Katie's court-appointed attorney has filed a motion to withdraw accompanied by a brief alleging that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that court-appointed counsel who believes appeal is wholly frivolous should

---

[1]  *See* Tex. Fam. Code § 161.001.  We refer to appellant by a pseudonym.  *See id.* § 109.002(d).

file motion to withdraw "accompanied by a brief referring to anything in the record that might arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See Anders*, 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). Counsel has certified to this Court that she provided Katie with a copy of the *Anders* brief, a copy of the motion to withdraw, and notice of her right to file a brief pro se. Katie did not file a brief, and the Department of Family and Protective Services has elected not to brief the Court in this matter.

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings below to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). After reviewing the record and the briefing, we find nothing that would arguably support a meritorious appeal. It is undisputed that Katie repeatedly failed to comply with court-ordered treatment, services, and testing intended to help her overcome methamphetamine addiction and regain custody of the child. Equally uncontroverted is the Department's evidence that Katie's child is thriving in her placement. We therefore agree with Katie's attorney that this appeal is frivolous and without merit.

Nevertheless, we must deny counsel's motion to withdraw. The Supreme Court of Texas has held that a parent's right to counsel extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *See P.M.*, 520 S.W.3d at 27.

2

Accordingly, counsel's obligation to Katie has not yet been discharged. *See id.* If Katie, after consulting with her attorney, desires to file a petition for review, counsel should timely file with the high court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

For the reasons stated herein, we affirm the district court's decree terminating Katie's parental rights and deny counsel's motion to withdraw.

_____
Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: March 18, 2020

3