# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00317-CV

---

**J. P., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 146TH DISTRICT COURT OF BELL COUNTY**
**NO. 308133, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

J.P. (Mother) appeals a final order terminating her parental rights to four children.[1]  An associate judge recommended termination and, following de novo trial to the bench, the district court rendered judgment finding clear and convincing evidence of two statutory predicates and that termination is in the best interest of the children.  *See* Tex. Fam. Code 161.001(b)(1)(N) (constructive abandonment), (O) (failure to comply with provisions of court order establishing conditions necessary to regain custody), (b)(2).  Mother filed timely appeal.[2]

Mother's court-appointed attorney has filed a motion to withdraw accompanied by a brief alleging that the appeal is frivolous and without merit.  *See Anders v. California*,

---

[1]  We refer to appellant by a pseudonym.  *See* Tex. Fam. Code § 109.002(d).

[2]  The district court also terminated the rights of the children's father.  He did not appeal.

386 U.S. 738, 744 (1967) (stating that court-appointed counsel who believes appeal is wholly frivolous should file motion to withdraw "accompanied by a brief referring to anything in the record that might arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). The brief meets the requirements of Anders by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See Anders*, 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). Counsel has certified to this Court that she provided Mother with a copy of the *Anders* brief, a copy of the motion to withdraw, and notice of her right to file a brief pro se. Mother did not file a brief, and the Department of Family and Protective Services has elected not to brief the Court in this matter.

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings below to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). After reviewing the record and the briefing, we find nothing that would arguably support a meritorious appeal. We therefore agree with Mother's attorney that this appeal is frivolous and without merit.

Nevertheless, we must deny counsel's motion to withdraw. The supreme court has held that a parent's right to counsel extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *P.M.*, 520 S.W.3d at 27. Accordingly, counsel's obligation to Mother has not yet been discharged. *See id.* If Mother, after consulting with her attorney, desires to file a petition for review, counsel should timely file with the high court "a petition for review that satisfies the standards for an Anders brief." *See id*. at 27–28.

2

For the reasons stated herein, we affirm the district court's judgment terminating Mother's parental rights and deny counsel's motion to withdraw.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed:   October 21, 2022