In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00124-CV**
**IN THE MATTER OF K.Y.G.**

**On Appeal from the County Court at Law**
**Liberty County, Texas**
**Trial Cause No. 21CC-JUV-00001**

## MEMORANDUM OPINION

In July 2021, as a juvenile and pursuant to a plea agreement, K.Y.G. was found to have engaged in delinquent conduct as defined by Texas Family Code § 51.03(a)(1). *See* Tex Fam. Code Ann. § 51.03(a)(1). The trial court found that K.Y.G. "did then and there intentionally, knowingly, or recklessly cause bodily injury to [E.A.B-V.] by shooting him in the head, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault." The trial court then committed K.Y.G. to the care, custody and control

1

of the Texas Juvenile Justice Department for a period of eight years. *See* Tex. Fam. Code Ann. § 54.04(d)(3). K.Y.G. and his parent waived his right to appeal.

In February 2023, the Texas Juvenile Justice Department notified the trial court that pursuant to Texas Human Resources Code 244.014(a), after a child is sixteen-years old, and before the child is nineteen years-old and has not yet completed his sentence, the Department may request his transfer to the Texas Department of Criminal Justice. *See* Tex. Hum. Res. Code Ann. § 244.014(a).[1] In April 2023, the trial court held a hearing regarding the order to transfer and at its conclusion ordered K.Y.G. to be transferred to the custody of the Texas Department of Criminal Justice, Institutional Division, for the completion of his eight-year sentence. After perfecting appeal, appointed counsel filed a brief asserting that the

---

[1] (a) After a child sentenced to commitment under Section 54.04(d)(3), 54.04(m), or 54.05(f), Family Code, becomes 16 years of age but before the child becomes 19 years of age, the department may refer the child to the juvenile court that entered the order of commitment for approval of the child's transfer to the Texas Department of Criminal Justice for confinement if:

(1) the child has not completed the sentence; and

(2) the child's conduct, regardless of whether the child was released under supervision under Section 245.051, indicates that the welfare of the community requires the transfer.

Tex. Hum. Res. Code Ann. § 244.014, prior version of the statute in effect at the time of the offense.

appeal is frivolous. The brief complies with the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes that no error that would arguably support an appeal is presented, a conclusion with which we concur.

The procedures set out in *Anders* and its Texas progeny apply to juvenile appeals. *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998). Further, in the instant case, K.Y.G., who is no longer a juvenile, was given the opportunity to file a pro se brief. As of this date, no pro se brief has been filed. We have carefully reviewed the record and counsel's brief and find no error requiring us to order appointment of new counsel. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on May 22, 2024
Opinion Delivered June 6, 2024

Before Golemon, C.J., Horton and Wright, JJ.