**Dismiss and Opinion Filed August 29, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00109-CV**

**IN THE MATTER OF M.M., A JUVENILE**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-21-01085**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Goldstein, and Miskel
Opinion by Justice Miskel

M.M. appeals the trial court's order transferring him from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ). M.M. was adjudicated delinquent for aggravated assault with a deadly weapon and two counts of aggravated robbery and given a seven-year determinate sentence probated for seven years. The State later filed a motion to modify disposition alleging M.M. violated the conditions of his probation. Following a hearing, the trial court modified the disposition and ordered M.M. committed to the custody of TJJD for seven years, with a possible transfer to TDCJ. Before M.M. turned nineteen, TJJD recommended M.M.'s transfer to TDCJ to serve the remainder of his sentence.

Following an evidentiary hearing, the trial court ordered M.M. to be transferred. M.M.'s trial counsel filed a notice of appeal on M.M.'s behalf and his appointed appellate counsel has since filed a brief, stating that in his professional opinion the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in appeals from juvenile transfer hearings. *See In Re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (Because *Anders* protects juveniles' statutory right to counsel on appeal, we hold the procedures enumerated in *Anders* apply to juvenile appeals); *Matter of C.S.*, No. 05-23-00951-CV, 2024 WL 2075841, at * 1 (Tex. App—Dallas May 9, 2024, no pet.) (mem. op.) (applying *Anders* procedures in appeal from juvenile transfer order); *In re R.M., III*, No. 13-09-00316-CV, 2010 WL 467414, at *1 (Tex. App—Corpus Christi–Edinburg Feb. 11, 2010, no pet.) (mem. op.) (same). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). Under the *Anders* procedure, if appointed counsel finds the appeal frivolous, counsel must file a brief explaining why the appeal lacks merit. *Anders*, 386 U.S. 744-45; *Schulman*, 252 S.W.3d at 407; *D.A.S.*, 973 S.W.2d at 297.

Here, M.M.'s counsel provided M.M. with a copy of the *Anders* brief and advised him of his right to examine the record and file his own response.[1] This Court separately provided M.M. with a copy of the brief and notified him of his right to examine the record and file a response. The State filed a letter brief agreeing with M.M.'s counsel that the appeal is without merit. M.M. has not responded.

In his brief, M.M.'s counsel demonstrated that he reviewed the record and concluded the appeal was without merit and frivolous. *See Anders*, 386 U.S. at 744. He states that in his professional opinion no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See id.* Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *Schulman*, 252 S.W.3d at 406–07. We have independently reviewed the record and counsel's brief, and we agree the appeal is frivolous and without merit.

In his brief, counsel requests that he be permitted to withdraw as appellate counsel; no separate motion was filed with the Court. A court-appointed attorney's duties to a client in a juvenile case continue through the filing of a petition for review, and a motion to withdraw may be premature unless good cause is shown. *See Matter of T.M.*, 583 S.W.3d 836, 838 (Tex. App.—Dallas 2019, no pet.) (extending *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) to *Anders* appeals in juvenile

---

[1] M.M.. is over the age of eighteen and able to file a pro se response in this appeal.

–3–

cases); *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.) (same). Counsel has not shown good cause for withdrawing from his representation of M.M., and, as a result, his obligations have not been discharged. *See T.M.*, 583 S.W.3d at 838. If M.M., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an Anders brief." *See P.M.*, 520 S.W.3d at 27–28. Accordingly, we deny counsel's request to withdraw.

We affirm the trial court's transfer order.

/Emily Miskel/

EMILY MISKEL

JUSTICE

240109f.p05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF M.M., A
JUVENILE

No. 05-24-00109-CV

On Appeal from the 304th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JD-21-01085.
Opinion delivered by Justice Miskel.
Justices Partida-Kipness and
Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's transfer
order is **AFFIRMED**.

Judgment entered this 29th day of August, 2024.