

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00089-CV

_____

IN THE MATTER OF D.B.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-122089-23

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Pursuant to a plea bargain and while represented by appointed trial counsel, Appellant D.B. judicially confessed to several assaults on a public servant and stipulated to evidence, and the trial court adjudicated him delinquent and placed him on one year's probation. *See* Tex. Fam. Code Ann. § 54.03(j); Tex. Penal Code Ann. § 22.01(a),(b)(1). D.B.'s probation conditions included electronic monitoring, an order not to run away from home, and an order to obey all the trial court's orders. Less than a week after D.B.'s release on probation, he was detained for an electronic-monitoring violation after missing curfew. The State moved to modify D.B.'s disposition based on his violation of the runaway condition and requested that he be committed to the custody of the Texas Juvenile Justice Department. After hearing evidence and reviewing the sealed social history, the trial court revoked D.B.'s probation and committed him to the Juvenile Justice Department's custody for an indeterminate period. *See* Tex. Fam. Code Ann. § 54.05.

Following the modification hearing, the trial court allowed D.B.'s appointed trial counsel to withdraw and appointed appellate counsel. D.B. appealed. The trial court clerk assessed court costs.

D.B.'s appellate counsel has filed a motion to withdraw and a brief in which he asserts that after thoroughly examining the record, he has found "no errors warranting reversal that can be legitimately supported by the record." Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

2

*See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings).

Counsel provided a copy of the *Anders* brief to D.B. and informed him of his rights to review the record, to file a pro se response to the brief, and to file a petition for review with the Texas Supreme Court if we affirm the trial court's judgment.[1] D.B. did not file a pro se response. The State also declined to respond.

Because D.B.'s counsel filed an *Anders* brief, we must independently examine the record to decide whether counsel correctly concluded that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record and counsel's brief, with the minor exception of court costs addressed below, we find nothing in the record that might arguably support the appeal; thus, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The trial court clerk should not have assessed any court costs against D.B. The Texas Rules of Civil Procedure governed this juvenile proceeding in the trial court. *See* Tex. Fam. Code Ann. § 51.17(a). "Costs" include fees charged by the clerk for preparation of the appellate record. Tex. R. Civ. P. 145(a). "For a party who files an affidavit of inability to pay costs, there are no costs to bill." *Campbell v. Wilder*, 487

---

[1]*See* Tex. R. App. P. 53.2 (listing required contents of petition for review), 53.7(a) (providing deadlines for filing petition for review in the Texas Supreme Court).

S.W.3d 146, 151 (Tex. 2016) (explaining that under Rule 145, the affidavit is in lieu of providing security for costs and that an uncontested affidavit of inability to pay is legally conclusive).

The record reflects that (1) D.B. filed (through his mother) an affidavit of indigence in the trial court and received appointed trial counsel on the same day the State filed its petition alleging delinquent conduct, (2) the same trial counsel represented D.B. through the modification hearing, and (3) the trial court allowed trial counsel to withdraw and appointed appellate counsel after that hearing. The record contains no showing that D.B.'s indigent status changed or that anyone challenged that status. Nonetheless, the trial court clerk assessed a total of $305 for clerk's record fees, district clerk's fees, and certification-and-seal fees for the clerk's record and sealed supplemental clerk's record.[2] Because of D.B.'s indigence, we remove these charges from the bill of costs and sealed bill of costs. *See, e.g.*, *C.J.*, 2024 WL 3978048, at *2; *In re C.G.*, Nos. 02-23-00174-CV, 02-23-00175-CV, 2024 WL 273599, at *1 (Tex. App.—Fort Worth Jan. 25, 2024, no pet.) (mem. op.).

We affirm the trial court's judgment and grant counsel's motion to withdraw.

---

[2]The bill of costs and sealed bill of costs both state, "Clerk's Record & Cert/Seal Fee Not Paid by Appellant," but they do not state that D.B. has not been charged for those costs. *See In re C.J.*, No. 02-24-00070-CV, 2024 WL 3978048, at *1 n.2 (Tex. App.—Fort Worth Aug. 29, 2024, no pet.) (mem. op.).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: January 2, 2025