

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

## No. 02-24-00247-CV

———————————————

IN THE MATTER OF A.M.

---

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-119619-22

---

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant A.M. appeals from an order transferring him to the Institutional Division of the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his determinate sentence. We affirm.

In January 2023, according to an agreement with the State, A.M. judicially confessed to committing capital murder; the trial court found him delinquent and sentenced him to the agreed twenty-five-year determinate sentence. *See* Tex. Penal Code Ann. § 19.03(a)(2); *see also* Tex. Fam. Code Ann. § 53.045(a)(2) (providing that capital-murder offense is eligible for determinate sentencing).

In March and May 2024, the Texas Juvenile Justice Department (TJJD) requested by letter that the trial court transfer A.M. to TDCJ because his conduct while in TJJD custody indicated that "the welfare of the community require[d] the transfer." *See* Tex. Hum. Res. Code Ann. § 244.014(a); *see also* Tex. Fam. Code Ann. § 54.11. After a May 22, 2024 hearing, the trial court ordered A.M. transferred to TDCJ to serve the remainder of his sentence.

A.M.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in which he asserts that after thoroughly examining the record, he has "conclude[d] that no legitimate grounds for direct appellate review can be presented and that the appeal is wholly frivolous." Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable

2

grounds to be advanced on appeal. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings).

Counsel provided a copy of the brief and accompanying motion to withdraw to A.M. and his mother,[1] informed A.M. and his mother of A.M.'s right to review the record and to file a pro se response to the *Anders* brief, provided A.M. and his mother with a form pro se motion to access the record, and informed A.M. and his mother of A.M.'s right to file a petition for review with the Texas Supreme Court should we affirm the trial court's judgment. A.M. did not file a pro se response in this court. The State declined to file a brief but indicated in a letter that it agreed with A.M.'s counsel that A.M. "has no meritorious grounds upon which to advance an appeal in this case."

Because A.M.'s counsel filed an *Anders* brief, we must independently examine the record to decide whether counsel correctly concluded that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record and counsel's brief—including the potential but ultimately nonreversible errors identified and discussed by counsel—we find nothing in the record, but for the modifiable court costs discussed below, that might arguably support the appeal. Thus, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]A.M.'s father is deceased.

Regarding the court costs assessed, (1) the clerk's record contains a bill of costs for $177, (2) the supplemental clerk's record contains a bill of costs for $45, (3) the second supplemental clerk's record contains a bill of costs for $12, and (4) the third supplemental clerk's record contains a bill of costs for $13; all of these costs are for preparation of the clerk's record for appeal and for certification-and-seal fees. *See* Tex. R. Civ. P. 145(a); *see* Tex. Fam. Code Ann. § 51.17(a). But A.M.'s mother had filed an uncontested affidavit of indigence in the trial court, and the trial court found A.M. could not afford an attorney and appointed him counsel. Nothing in the record shows that A.M. has ceased to be indigent. "For a party who files an affidavit of inability to pay costs, there are no costs to bill." *Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016) (explaining that under Rule 145, the affidavit is in lieu of paying or giving security for costs, and that an uncontested affidavit of inability to pay is conclusive as a matter of law). Accordingly, we delete a total of $247—all of the clerk's-record and certification-and-seal fees assessed by the trial-court clerk in this appeal—from the four bills of costs. *See In re C.J.*, No. 02-24-00070-CV, 2024 WL 3978048, at *1–2 (Tex. App.—Fort Worth Aug. 29, 2024, no pet.) (per curiam) (mem. op.).

We affirm the trial court's judgment and grant counsel's motion to withdraw. If A.M. wishes to seek further review of this case, he must either file a pro se petition for review in the Texas Supreme Court or retain an attorney to file a petition for review in the Texas Supreme Court. *See In re D.J.*, No. 02-20-00386-CV, 2021 WL

4

2586610, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op.); *see also* Tex. R. App. P. 53.2 (listing required contents of petition for review), 53.7(a) (providing that petition for review must be filed 45 days after the date of this court's judgment or—if a timely motion for rehearing or a timely motion for en banc reconsideration is filed in this court—within 45 days of this court's last ruling on such motions).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: February 6, 2025