

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00334-CV

———————————————

IN THE MATTER OF D.R.

———————————————

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-118390-22

———————————————

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant D.R. appeals from a juvenile-court order transferring him to the Institutional Division of the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his determinate sentence. We affirm.

In September 2022, according to an agreement with the State, D.R. judicially confessed to committing felony murder; the trial court found him delinquent and sentenced him to the agreed fifteen-year determinate sentence. *See* Tex. Penal Code Ann. § 19.02(b)(3); *see also* Tex. Fam. Code Ann. § 53.045(a)(1) (providing that a murder offense is eligible for determinate sentencing).

In March 2024, the Texas Juvenile Justice Department (TJJD) requested by letter that the trial court transfer D.R. to TDCJ because his conduct while in TJJD custody indicated that "the welfare of the community require[d] his transfer." *See* Tex. Hum. Res. Code Ann. § 244.014(a); *see also* Tex. Fam. Code Ann. § 54.11. After a June 26, 2024 hearing,[1] the trial court ordered D.R. transferred to TDCJ to serve the remainder of his sentence.

---

[1]The transfer-request letter is file-marked April 4, 2024. *See* Tex. Fam. Code Ann. § 54.11(h) (providing that the transfer hearing "shall be held not later than the 60th day after the date the court receives the referral"). D.R. did not object to the hearing's being held more than sixty days after the trial court's receipt of TJJD's letter. *See In re K.J.*, No. 02-23-00189-CV, 2023 WL 6889969, at *2 (Tex. App.—Fort Worth Oct. 19, 2023, pet. denied) (mem. op.) ("[A] juvenile court's untimely transfer hearing constitutes error."); *In re H.V.R.*, 974 S.W.2d 213, 217 (Tex. App.—San Antonio 1998, no pet.) (holding that trial court's failure to hold transfer hearing timely is "error but not fundamental error"); *see also* Tex. R. App. P. 33.1(a)(1).

D.R.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in which he asserts that after thoroughly examining the record, he "does not believe that there are legally non-frivolous issues constituting reversible error in this appeal." Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings).

Counsel provided a copy of the brief and accompanying motion to withdraw to D.R., informed D.R. of his right to review the record and to file a pro se response to the *Anders* brief, provided D.R. with a form pro se motion to access the record, and informed D.R. of his right to file a petition for review with the Texas Supreme Court should we affirm the trial court's judgment. D.R. did not file a pro se response in this court. The State declined to file a brief but indicated in a letter that it agreed with D.R.'s counsel that D.R. "has no meritorious grounds upon which to advance an appeal in this case."

Because D.R.'s counsel filed an *Anders* brief, we must independently examine the record to decide whether counsel correctly concluded that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record and counsel's brief, we find nothing in the record, but for the modifiable court costs discussed below, that might arguably support the appeal. Thus,

3

we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Regarding the court costs assessed, (1) the clerk's record contains a bill of costs for $216 and (2) the supplemental clerk's record contains a bill of costs for $33; these costs are for preparation of the clerk's records for appeal, certification-and-seal fees, copy fees, and "District Clerk's Fees." *See* Tex. R. Civ. P. 145(a); *see* Tex. Fam. Code Ann. § 51.17(a). But D.R.'s mother had filed an uncontested affidavit of indigence in the trial court, and the trial court found D.R. could not afford an attorney and appointed him counsel. Nothing in the record shows that D.R. has ceased to be indigent. "For a party who files an affidavit of inability to pay costs, there are no costs to bill." *Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016) (explaining that, under Rule 145, the affidavit is in lieu of paying or giving security for costs and that an uncontested affidavit of inability to pay is conclusive as a matter of law). Accordingly, we delete a total of $249—all the fees assessed by the trial-court clerk in this appeal— from the two bills of costs. *See In re C.J.*, No. 02-24-00070-CV, 2024 WL 3978048, at *1–2 (Tex. App.—Fort Worth Aug. 29, 2024, no pet.) (per curiam) (mem. op.).

We affirm the trial court's judgment and grant counsel's motion to withdraw. If D.R. wishes to seek further review of this case, he must either file a pro se petition for review in the Texas Supreme Court or retain an attorney to file a petition for review in the Texas Supreme Court. *See In re D.J.*, No. 02-20-00386-CV, 2021 WL 2586610, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op.); *see also*

4

Tex. R. App. P. 53.2 (listing required contents of petition for review), 53.7(a) (providing that petition for review must be filed 45 days after the date of this court's judgment or—if a timely motion for rehearing or a timely motion for en banc reconsideration is filed in this court—within 45 days of this court's last ruling on such motions).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  May 8, 2025