# Court of Appeals
## Tenth Appellate District of Texas

10-25-00168-CV

In the Matter of S.W., a Juvenile

On appeal from the
474th District Court of McLennan County, Texas
Judge E. Alan Bennett, presiding
Trial Court Cause No. 2024-171-J

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

S.W., a juvenile, appeals the trial court's order of commitment to the Texas Juvenile Justice Department for an indeterminate period, not to exceed her nineteenth birthday. Appellant's appointed counsel has filed a motion to withdraw, along with a brief in which counsel asserts the appeal is without merit and there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (holding *Anders* procedures apply to juvenile appeals). We affirm the trial court's order.

Counsel has certified that he advised Appellant and her parents that counsel filed the motion and brief pursuant to *Anders*, provided a copy of the brief, and informed them of their right to review the record and file a pro se brief. Counsel provided them with a motion for access to the appellate record with instructions for obtaining the record and informed them Appellant has the right to ask counsel to file a petition for review on Appellant's behalf with the Texas Supreme Court. Neither Appellant nor her parents submitted a response.

We have independently reviewed the entire record and counsel's *Anders* brief. We agree with counsel's assessment that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. Accordingly, we affirm the trial court's order of commitment to the Texas Juvenile Justice Department. *See In re K.A.E.*, 647 S.W.3d 791, 792 (Tex. App.—San Antonio 2022, no pet.).

Next, we consider counsel's motion to withdraw. The Texas Supreme Court has not directly addressed whether counsel should be allowed to withdraw in cases involving juveniles where appellate counsel has filed an *Anders* brief and motion to withdraw. It has, however, examined the question of a parent's right to counsel in termination cases. In *In re P.M.*, that Court considered the applicable Texas Family Code section governing continued

representation by an appointed attorney ad litem for a parent. Family Code Section 107.016(2) provides that appointed counsel continues to serve in that capacity until the earliest of (A) the date the suit affecting the parent-child relationship is dismissed; (B) the date all appeals in relation to any final order terminating parental rights are exhausted or waived; or (C) the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court. TEX. FAM. CODE ANN. § 107.016(2). The Court then held that the right to counsel in termination cases, from appointment through the exhaustion of appeals under Section 107.016(2)(B), includes all proceedings in the Supreme Court, including the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).

The majority of intermediate courts of appeal that have addressed a motion to withdraw filed in a juvenile case in which counsel filed an *Anders* brief have determined that counsel's request to withdraw should be denied, citing *In re P.M. See, e.g., In re K.A.E.*, 647 S.W.3d at 792-93; *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.). But, as has been noted by other courts of appeals, this Court has declined to extend the Texas Supreme Court's decision in *In re P.M.* to *Anders* appeals in juvenile cases. *See K.A.E.*, 647 S.W.3d at 792 n.1 (citing *In re J.L.C.*, 582 S.W.3d 442, 444 n.1 (Tex.

App.—Waco 2018, no pet.)); *In re T.M.*, 583 S.W.3d 836, 838 (Tex. App.—Dallas 2019, no pet.) (same). Instead, as we stated in *In re J.L.C.*, we continue to follow the Texas Supreme Court's decision in *In re D.A.S. See In re J.L.C.*, 582 S.W.3d at 444 n.1. Furthermore, we look to provisions in the Texas Family Code addressing a child's right to counsel in juvenile cases. *See* TEX. FAM. CODE ANN. §§ 51.10, 51.101; *In re J.L.C.*, 582 S.W.3d at 444 n.1.

Accordingly, we apply the language in the Texas Juvenile Justice Code to determine whether counsel's motion to withdraw filed with an *Anders* brief in a juvenile case should be granted. Texas Juvenile Justice Code provisions regarding continuation of representation vary depending on the stage of proceedings at which counsel is appointed. *See* TEX. FAM. CODE ANN. § 51.101. In *In re J.L.C.*, counsel filed an *Anders* brief and motion to withdraw in the juvenile's appeal from an order rendered after a Section 54.05 hearing to modify a prior disposition. The time frame for continued representation by counsel where a motion or petition to modify disposition is filed under Section 54.05 is governed by Section 51.101(e). *See id.* § 51.101(e). Section 51.101(e) provides that counsel "shall continue to represent the child until the court rules on the motion or petition, the family retains an attorney, or a new attorney is appointed." *Id.* Thus, in that case, we granted counsel's motion to withdraw because Section 51.101(e) does not require representation until the case is

terminated and therefore does not require representation through appeals to the Texas Supreme Court.[1] *In re J.L.C.*, 582 S.W.3d at 444 n.1.

Here, S.W. appeals from the order committing her to the Texas Juvenile Justice Department. *See* TEX. FAM. CODE ANN. § 54.04. The record shows that counsel for S.W. was appointed on December 9, 2024. There was a detention hearing on December 20, 2024. *Id.* § 54.01. Under the facts of this case, continuation of counsel's duty to represent S.W. is governed by Sections 51.101(a) and 54.01(b-1), providing that if an attorney is appointed to represent a child at the initial detention hearing and the child is detained, "the attorney shall continue to represent the child until the case is terminated, the family retains an attorney, or a new attorney is appointed by the juvenile court." *See id.* §§ 51.101(a), 54.01(b-1). The record does not show the family retained an attorney. Appellate counsel is the new attorney appointed by the juvenile court, and pursuant to Section 51.101(a), he must continue to represent S.W. until the case is terminated. *See id.* § 51.101(a). S.W. has the right to pursue a petition for review in the Texas Supreme Court. Therefore, not all appeals

---

[1] We note, however, that at least two courts of appeals, while reviewing the appeal of a case involving a Section 54.05 hearing to modify a prior disposition, relied on *In re P.M.* to deny the motion to withdraw without mentioning the distinction set out in Section 51.101. *See In re J.E.W.*, No. 12-19-00287-CV, 2020 WL 2988893, at *3 (Tex. App.—Tyler May 29, 2020, pet. denied) (mem. op.) (per curiam) (counsel's motion to withdraw denied in appeal from trial court's order modifying disposition); *In re T.M.*, 583 S.W.3d at 838 (same).

have been exhausted, and this case has not "terminated." *See In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.) (citing to Family Code section 51.101 and applying the reasoning of *In re P.M.* to determine counsel's motion to withdraw should be denied). Therefore, we deny counsel's motion to withdraw.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: February 5, 2026

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Motion to withdraw denied
CV06

